IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:  16-2017-CA-3596

DIVISION:  CV-B

AVA FIELDS and WILBUR FIELDS,

       Plaintiff,

v.

USAA GENERAL INDEMNITY COMPANY,

       Defendant.

_____/

## AMENDED COMPLAINT

Plaintiffs, **AVA FIELDS** and **WILBUR FIELDS**, by and through the undersigned attorney, files this Amended Complaint against the Defendant, **USAA GENERAL INDEMNITY COMPANY**, and alleges as follows:

1.     This is an action for damages in excess of $15,000.00.

2.     That at all times material hereto, Plaintiff, **AVA FIELDS**, was and is a resident of St. Johns, St. Johns County, Florida..

3.     That at all times material hereto, Plaintiff, **WILBUR FIELDS**, was and is a resident of St. Johns, St. Johns County, Florida.

4.     The Defendant, **USAA GENERAL INDEMNITY COMPANY**, is authorized to do business in the State of Florida and is in the business of selling automobile liability insurance and has an office in Duval County, Florida.

USAA Confidential

EXHIBIT
A

0901119c9b1dca7c

5.     The collision giving rise to this action occurred on September 1, 2016 at the intersection of Greenbriar Road and Longleaf Pine Parkway, in St. Johns, St. Johns County, Florida.

6.     At all times material hereto, Plaintiff, **AVA FIELDS**, was the operator of a 2016 Volkswagen Passat.

7.     On or about September 1, 2016, **SARAH PARSONS**, an uninsured/underinsured motorist, breached her duties to operate her automobile safely and avoid contact with other vehicles when she caused a collision with Plaintiff's vehicle.

## COUNT I

### UNDERINSURED MOTORIST CLAIM AGAINST DEFENDANT USAA GENERAL INDEMNITY COMPANY

8.     That the Plaintiff, **AVA FIELDS**, brings this action on behalf of herself.

9.     Plaintiff realleges and reavers Paragraphs 1 through 7 as if fully set forth herein.

10.     The Plaintiff, **AVA FIELDS**, is entitled to relief against the Defendant, **USAA GENERAL INDEMNITY COMPANY,** upon the following facts:

11.     On or about September 1, 2016, Plaintiff, **AVA FIELDS**, had in full force and effect an automobile insurance policy with **USAA GENERAL INDEMNITY COMPANY,** policy number 036737553G71012.  A copy of said policy of insurance is attached hereto as Exhibit "A".

12.     Said policy provides coverage including uninsured/underinsured motorist coverage.

0901119c9b1dca7c

USAA Confidential

13.     On or about September 1, 2016, Plaintiff, **AVA FIELDS'**, 2016 Volkswagen Passat was a covered automobile listed on the declarations page of the **USAA GENERAL INDEMNITY COMPANY** policy in full force and effect.

14.     On or about September 1, 2016, at a time when the aforesaid policy was in full force and effect, the vehicle being driven by the Plaintiff, **AVA FIELDS**, was struck by a vehicle negligently operated by an underinsured driver, **SARAH PARSONS**.

15.     The underinsured driver, **SARAH PARSONS**, did not maintain sufficient bodily injury liability coverage to fully compensate the Plaintiff, **AVA FIELDS**, for injuries sustained in the accident and consequently, the underinsured driver, **SARAH PARSONS**, is an "uninsured or underinsured motorist" within the terms of the aforementioned policy. The owner of the aforesaid vehicle, **WILLIAM PARSONS**, likewise did not maintain sufficient bodily injury liability coverage to fully compensate the Plaintiff, **AVA FIELDS**, for injuries sustained in the accident and consequently, the underinsured owner, **WILLIAM PARSONS**, is also an "uninsured or underinsured motorist" within the terms of the aforementioned policy.

16.     The Plaintiff, **AVA FIELDS**, is entitled to make an uninsured motorist claim under the policy for damages.

17.     The Plaintiff, **AVA FIELDS**, complied with all the requirements of the said policy which were applicable by law, but Defendant, **USAA GENERAL INDEMNITY COMPANY,** has refused and/or failed to pay the benefits to which the Plaintiff, **AVA FIELDS**, is entitled.

18.     As a direct and proximate result of the aforesaid negligence of the underinsured driver, **SARAH PARSONS**, Plaintiff, **AVA FIELDS**, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of

USAA Confidential

0901119c9b1dca7c

life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.   Plaintiff, **AVA FIELDS**, has sustained permanent injuries within a reasonable degree of medical probability.

**WHEREFORE**, the Plaintiff, **AVA FIELDS**, demands judgment for damages and costs against Defendant, **USAA GENERAL INDEMNITY COMPANY**, and a trial by jury on all issues herein.

**COUNT II**

**CONSORTIUM CLAIM OF WILBUR FIELDS**

Plaintiff, **WILBUR FIELDS,** repeats and realleges paragraphs 1 through 18 as if fully set forth herein and would further state:

19.    At all times material hereto, Plaintiff, **WILBUR FIELDS,** was and is the lawful husband of Plaintiff, **AVA FIELDS**.

20.    As a direct and proximate result of the aforesaid negligence, Plaintiff, **WILBUR FIELDS,** has been and will be deprived of the care, comfort, companionship and consortium of his wife, **AVA FIELDS**.

21    As a direct and proximate result of the negligence of the Defendants, Plaintiff, **WILBUR FIELDS,** suffered from the loss of his wife's love and affection, and the loss of her services.

**WHEREFORE**, Plaintiff, **WILBUR FIELDS,** demands judgment against Defendant, **USAA GENERAL INDEMNITY COMPANY**, in a sum in excess of fifteen thousand ($15,000.00) dollars, and demands trial by jury on all issues triable of right by jury.

USAA Confidential

0901119c9b1dca7c

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing will be served on the Defendant via

private process server.

Dated this 19th day of June, 2017.

**FARAH & FARAH, P.A.**

*/s/ Jordan S. Coley*
**JORDAN S. COLEY, ESQUIRE**
FL Bar No.: 102367
10 West Adams Street
Jacksonville, FL 32202
(904) 396-5555 ▪ (904) 358-5308(Fax)
Primary:  jcoley@farahandfarah.com
Secondary: mwomble@farahandfarah.com

**ATTORNEY FOR PLAINTIFFS**

0901119c9b1dca7c

USAA Confidential

MAIL MCH–M–I
00001
APRIL 8, 2016

**USAA®**

# AUTOMOBILE POLICY PACKET

EXHIBIT
" A "

WILBUR T FIELDS JR
840 NOTTAGE HILL ST
SAINT JOHNS FL 32259-8382

GIC      03673 75 53 7101  2

POLICY PERIOD:   FROM APR 08 2016 TO OCT 08 2016

## IMPORTANT MESSAGES

Refer to your Declarations Page and endorsements to verify that coverages, limits, deductibles and other policy details are correct and meet your insurance needs.  Required information forms are also enclosed for your review.

Your spouse requested we issue or change this policy. As long as you continue coverage and pay premiums, you're confirming that your spouse is your agent, and can sign forms for you on this policy and renewals. Call us if you have questions.

To comply with Florida's Personal Injury Protection and Property Damage law, you must report any changes to your Florida vehicle registration to us immediately.

A discount of approximately 3% is available on Bodily Injury, Property Damage, Personal Injury Protection, and Collision coverage premiums on any car equipped with anti-lock brakes. See the enclosed Form 25FL for more information about this discount.

An Accident Report form is enclosed to assist you in the event you have an accident, your vehicle is disabled or you need a rental car. Please keep the form in your vehicle.

TEXTING & DRIVING ... It Can Wait! Join USAA in the movement against distracted driving by going to http://itcanwait.usaa.com to watch powerful videos and take the pledge to not text and drive!

This is not a bill.        Any premium charge or change for this policy will be reflected on your next regular monthly statement. Your current billing statement should still be paid by the due date indicated.

**To receive this document and others electronically, or manage your Auto Policy online, go to usaa.com.**

For U.S. calls:   Policy Service (800) 531-8111. Claims (800) 531-8222.

**ACS1**                                                                49708-0406

USAA Confidential

0901119c9b1dca7c

THIS PAGE INTENTIONALLY LEFT BLANK

L035L3N.000077.0039.0002.0.000000.Z.

USAA Confidential

0901119c9b1dca7c

## AUTOMOBILE POLICY PACKET CONTINUED

USAA considers many factors when determining your premium. Maintaining safe driving habits is one of the most important steps you can take in keeping your premium as low as possible. A history of claim or driving activity and your USAA payment history may affect your policy premium.

We have provided your ID cards in this packet. You can use the cards to show proof of insurance, if necessary.

**ACS2**

USAA Confidential

FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD
USAA GENERAL INDEMNITY COMPANY

| POLICY IDENTIFICATION NO. | CO. CODE | EFF. DATE |
|---|---|---|
| 03673 75 53G  7101  2 | -09495 | 04/08/16 |

[X] PERSONAL INJURY PROTECTION BENEFITS AND PROPERTY DAMAGE LIABILITY     [X] BODILY INJURY LIABILITY

Name
WILBUR T FIELDS JR
AVA N FIELDS

VEHICLE DESCRIPTION

| YEAR | MAKE/MODEL | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| 2016 | CHEV | 1GNSCBKC5GR137919 |

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
Misrepresentation of insurance is a first degree misdemeanor. Policy coverages extend to a rental car. See outline of coverage.

9800 Fredericksburg Road
San Antonio, Texas 78288

CONTACT US: 210-531-USAA(8722)
OR 800-531-USAA
Additional copies available at usaa.com

### Automobile Insurance Identification Card

We've issued an identification card as evidence of liability insurance for your vehicle(s). This card is valid only as long as liability insurance remains in force.

You may be required to produce your identification card at vehicle registration or inspection, when applying for a driver's license, following an accident or upon a law enforcement officer's request.

**Keep a copy of the ID card in your vehicle at all times.**

For your convenience, additional copies are available on usaa.com.

**922 FL2** Rev. 06-13                           51798-0613__02

FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD
USAA GENERAL INDEMNITY COMPANY

| POLICY IDENTIFICATION NO. | CO. CODE | EFF. DATE |
|---|---|---|
| 03673 75 53G  7101  2 | -09495 | 04/08/16 |

[X] PERSONAL INJURY PROTECTION BENEFITS AND PROPERTY DAMAGE LIABILITY     [X] BODILY INJURY LIABILITY

Name
WILBUR T FIELDS JR
AVA N FIELDS

VEHICLE DESCRIPTION

| YEAR | MAKE/MODEL | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| 2016 | VOLKS | 1VWAT7A32GC012475 |

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
Misrepresentation of insurance is a first degree misdemeanor. Policy coverages extend to a rental car. See outline of coverage.

9800 Fredericksburg Road
San Antonio, Texas 78288

CONTACT US: 210-531-USAA(8722)
OR 800-531-USAA
Additional copies available at usaa.com

0901119c9b1dca7c

USAA Confidential

### Automobile Insurance Identification Card

We've issued an identification card as evidence of liability insurance for your vehicle(s). This card is valid only as long as liability insurance remains in force.

You may be required to produce your identification card at vehicle registration or inspection, when applying for a driver's license, following an accident or upon a law enforcement officer's request.

**Keep a copy of the ID card in your vehicle at all times.**

For your convenience, additional copies are available on usaa.com.

**922 FL**1 Rev. 06-13                                          51798-0613__02

---

FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD

**USAA GENERAL INDEMNITY COMPANY**

POLICY IDENTIFICATION NO.     CO. CODE     EFF. DATE

03673 75 53G   7101  2  -09495      04/08/16

[X] PERSONAL INJURY PROTECTION BENEFITS AND PROPERTY DAMAGE LIABILITY     [X] BODILY INJURY LIABILITY

**Name**

WILBUR T FIELDS JR
AVA N FIELDS

VEHICLE DESCRIPTION

YEAR     MAKE/MODEL                  VEHICLE IDENTIFICATION NUMBER

2015     CHEV                         1GC1KVEB3FF501220

**NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DA**

Misrepresentation of Insurance is a first degree misdemeanor. Policy coverages extend to a rental car. See outline of coverage.

9800 Fredericksburg Road
San Antonio, Texas 78288

**CONTACT US: 210-531-USAA(8722)**
OR 800-531-USAA
Additional copies available at usaa.com

USAA Confidential

0901119c9b1dca7c

**USAA GENERAL INDEMNITY COMPANY**

(A Stock Insurance Company)
9800 Fredericksburg – San Antonio, Texas 78288

**FLORIDA AUTO POLICY**
**DECLARATIONS**

| State | 01,02,03 | Veh | | POLICY NUMBER |
|---|---|---|---|---|
| FL | 359359359 | Terr | | 03673 75 53G 7101 |

POLICY PERIOD:        (12:01 A.M. standard time)
**FROM APR 08 2016 TO OCT 08 2016**

**Named Insured and Address**

WILBUR T FIELDS JR
840 NOTTAGE HILL ST
SAINT JOHNS FL 32259-8382

**OPERATORS**
01 WILBUR T FIELDS JR
02 AVA N FIELDS

## Description of Vehicle(s)

| VEH | YEAR | TRADE NAME | MODEL | BODY TYPE | ANNUAL MILEAGE | IDENTIFICATION NUMBER | SYM | VEH USE | WORK/SCH Miles One Way |
|---|---|---|---|---|---|---|---|---|---|
| 01 | 16 | CHEV | TAHOE 4D LT | 4 DOOR | 5000 | 1GNSCBKC5GR137919 | | P | |
| 02 | 16 | VOLKS | PASSAT | 4 DOOR | 3000 | 1VWAT7A32GC012475 | | P | |
| 03 | 15 | CHEV | SLVRDO 2500 | 4 DOOR | 15000 | 1GC1KVEB3FF501220 | | P | |

*W/C=Work/School; B=Business; F=Farm; P=Pleasure

The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated.
VEH 01   SAINT JOHNS FL 32259-8382      VEH 03   SAINT JOHNS FL 32259-8382
VEH 02   SAINT JOHNS FL 32259-8382

This policy provides ONLY those coverages where a premium is shown below. The limits shown may be reduced by policy provisions and may not be combined regardless of the number of vehicles for which a premium is listed unless specifically authorized elsewhere in this policy.

| COVERAGES        LIMITS OF LIABILITY ("ACV" MEANS ACTUAL CASH VALUE) | VEH 01 D=DED AMOUNT | 6-MONTH PREMIUM $ | VEH 02 D=DED AMOUNT | 6-MONTH PREMIUM $ | VEH 03 D=DED AMOUNT | 6-MONTH PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ |
|---|---|---|---|---|---|---|---|---|
| PART A - LIABILITY | | | | | | | | |
| BODILY INJURY     EA PER $   300,000 | | | | | | | | |
|                   EA ACC $   500,000 | | 223.94 | | 135.44 | | 234.36 | | |
| PROPERTY DAMAGE EA ACC $   100,000 | | 100.80 | | 55.70 | | 118.03 | | |
| PART B - MEDICAL PAYMENTS | | | | | | | | |
|                   EA PER $     5,000 | | 21.66 | | 21.21 | | 17.76 | | |
| PART B - PERSONAL INJURY PROTECTION | | | | | | | | |
|   MAXIMUM BENEFITS        $10,000 | | | | | | | | |
|   DEDUCTIBLE APPLIES TO | | | | | | | | |
|     NAMED INSD/RESIDENT RELATIVE | | | | | | | | |
|   WORK LOSS N/A FOR NAMED INSD | | | | | | | | |
|   AND RESIDENT RELATIVES | D 250 | 41.19 | D 250 | 36.64 | D 250 | 34.78 | | |
| PART C - UNINSURED MOTORISTS | | | | | | | | |
|   NONSTACKED | | | | | | | | |
| BODILY INJURY     EA PER $   300,000 | | | | | | | | |
|                   EA ACC $   500,000 | | 108.25 | | 104.68 | | 118.95 | | |
| PART D - PHYSICAL DAMAGE COVERAGE | | | | | | | | |
| COMPREHENSIVE LOSS      ACV LESS | D 500 | 56.86 | D 500 | 45.11 | D 500 | 124.10 | | |
| COLLISION LOSS          ACV LESS | D 500 | 154.66 | D 500 | 136.89 | D 500 | 158.41 | | |

TOTAL PREMIUM - SEE FOLLOWING PAGE(S)

ENDORSEMENTS:   5100FL(02)   A054(07)   ACCFOR(01)   A402FL(01)
INFORMATION FORMS:   55FL(05)   88356(01)   FLFRD(01)   25FL(06)   FLDS(05)   663FL(04)
999FL(03)

W2  1
01 RMF70P00P0        02 XMW67P00P0        03 RMW67P00P0

IN WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas,
COUNTERSIGNED BY                    on this date APRIL 8, 2016

MARIA ELENA MCALEXANDER

Deneen Donnley, Secretary

Alan W. Krapf, Presid

5000 G 05-12
53384-05-12

USAA Confidential

0901119c9b1dca7c

USAA GENERAL INDEMNITY COMPANY

**USAA®** (A Stock Insurance Company)
9800 Fredericksburg – San Antonio, Texas 78288

FLORIDA AUTO POLICY
DECLARATIONS

NEW

| State | 01 | 02 | 03 | Veh | POLICY NUMBER |
|---|---|---|---|---|---|
| FL | 359 | 359 | 359 | Terr | 03673 75 53G 7101 2 |

POLICY PERIOD: (12:01 A.M. standard time)
FROM APR 08 2016 TO OCT 08 2016

Named Insured and Address

WILBUR T FIELDS JR
840 NOTTAGE HILL ST
SAINT JOHNS FL 32259-8382

Description of Vehicle(s)

| CH | YEAR | TRADE NAME | MODEL | BODY TYPE | ANNUAL MILEAGE | IDENTIFICATION NUMBER | SYM | VEH USE* | WORK/SCHOOL Miles One Way | Days Per Week |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 16 | CHEV | TAHOE 4D LT | 4 DOOR | 5000 | 1GNSCBKC5GR137919 | | P | | |
| 2 | 16 | VOLKS | PASSAT | 4 DOOR | 3000 | 1VWAT7A32GC012475 | | P | | |
| 3 | 15 | CHEV | SLVRDO 2500 | 4 DOOR | 15000 | 1GC1KVEB3FF501220 | | P | | |

The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated. *=W/C=Work/School; B=Business; F=Farm; P=Pleasure

EH 01  SAINT JOHNS FL 32259-8382      VEH 03  SAINT JOHNS FL 32259-8382
EH 02  SAINT JOHNS FL 32259-8382

This policy provides ONLY those coverages where a premium is shown below. The limits shown may be reduced by policy provisions and may not be combined regardless of the number of vehicles for which a premium is listed unless specifically authorized elsewhere in this policy.

| COVERAGES ("ACV" MEANS ACTUAL CASH VALUE) LIMITS OF LIABILITY | VEH 01 D=DED AMOUNT | 6-MONTH PREMIUM $ | VEH 02 D=DED AMOUNT | 6-MONTH PREMIUM $ | VEH 03 D=DED AMOUNT | 6-MONTH PREMIUM $ | VEH D=DED AMOUNT | 6-MONTH PREMIUM $ |
|---|---|---|---|---|---|---|---|---|
| PART D - PHYSICAL DAMAGE COVERAGE | | | | | | | | |
| RENTAL REIMBURSEMENT | | | | | | | | |
| LARGE SUV CLASS | | 61.00 | | | | | | |
| STANDARD CLASS | | | | 29.50 | | | | |
| MULTIPASSENGER/TRUCK CLASS | | | | | | 44.00 | | |
| TOWING AND LABOR | | 10.00 | | 10.00 | | 10.00 | | |
| SELECTED VEHICLE FEATURES (LISTED ON THE FEATURES DECLARATION) | | 17.12 | | 14.69 | | 21.59 | | |
| VEHICLE TOTAL PREMIUM | | 795.48 | | 589.86 | | 881.98 | | |

6 MONTH PREMIUM $ 2315.67
PREMIUM DUE AT INCEPTION. THIS IS NOT A BILL, STATEMENT TO FOLLOW.

$   48.35 IS INCLUDED IN YOUR 6 MONTH PREMIUM FOR ACCIDENT FORGIVENESS.

01 RMF70P0000          02 XWM67P0000          03 RMM67P0000

WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas.
INTERSIGNED BY                    on this date APRIL 8, 2016

MARIA ELENA MCALEXANDER                    Deneen Donnley, Secretary          Alan W. Krapf, President

0 G 05-12
14-05-12                    1.035L3N.000077.0039.0006.0.000000.Z.

0901119c9b1dca7c

USAA Confidential

PAGE   6

GIC   03673 75 53   7101



**USAA General Indemnity Company**
(A Stock Insurance Company)
9800 Fredericksburg Road
San Antonio, Texas 78288

# FEATURES DECLARATION

POLICY NUMBER:   03673 75 53G   7101        FROM APR 08 2016 TO OCT 08 2016

Specifically listed below are the selected vehicle feature(s) and associated premiums. These premiums are already included in the Vehicle Total Premium.

VEH 01, 2016 CHEVROLET TAHOE 4D LT
CAR REPLACEMENT ASSISTANCE                                        $   17.12

VEH 02, 2016 VOLKSWAGEN PASSAT
CAR REPLACEMENT ASSISTANCE                                        $   14.69

VEH 03, 2015 CHEVROLET SLVRDO 2500
CAR REPLACEMENT ASSISTANCE                                        $   21.59

In WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas, on this date  APRIL 8, 2016

COUNTERSIGNED BY

MARIA ELENA MCALEXANDER             Deneen Donnley, Secretary        Alan W. Krapf, President

**5000CF(01) 09-13**                                              126355-0913_01

0901119c9b1dca7c

USAA Confidential



SUPPLEMENTAL INFORMATION

FROM APR 08 2016 TO OCT 08 2016

The following approximate premium discounts or credits have already been applied to reduce your policy premium costs.

NOTE: Age or **senior citizen** status, if allowed by your state/location, was taken into consideration when your rates were set and your premiums have already been adjusted.

VEHICLE 01
```
    ANNUAL MILEAGE DISCOUNT                    -$    68.28
    ANTI-LOCK BRAKE DISCOUNT                   -$    14.97
    ANTI-THEFT DISCOUNT                        -$    13.21
    DAYTIME RUNNING LIGHTS DISCOUNT            -$     4.43
    DEFENSIVE DRIVING DISCOUNT:                -$    25.47
      SENIOR/MATURE OPERATOR ACCIDENT PREVENTION
      OPERATOR 02 -- (CERTIFICATE EXPIRES 10-01-16)
    MULTI-CAR DISCOUNT                         -$   117.64
    NEW VEHICLE DISCOUNT                       -$   114.40
    PASSIVE RESTRAINT DISCOUNT                 -$    10.27
    PREMIER DRIVER LEVEL DISCOUNT             -$   126.41
```

VEHICLE 02
```
    ANNUAL MILEAGE DISCOUNT                    -$    78.62
    ANTI-LOCK BRAKE DISCOUNT                   -$    10.15
    ANTI-THEFT DISCOUNT                        -$    10.28
    DAYTIME RUNNING LIGHTS DISCOUNT            -$     3.88
    DEFENSIVE DRIVING DISCOUNT:                -$    17.27
      SENIOR/MATURE OPERATOR ACCIDENT PREVENTION
      OPERATOR 02 -- (CERTIFICATE EXPIRES 10-01-16)
    MULTI-CAR DISCOUNT                         -$    87.35
    NEW VEHICLE DISCOUNT                       -$    79.95
    PASSIVE RESTRAINT DISCOUNT                 -$     9.39
    PREMIER DRIVER LEVEL DISCOUNT             -$    87.31
```

VEHICLE 03
```
    ANTI-LOCK BRAKE DISCOUNT                   -$    15.74
    ANTI-THEFT DISCOUNT                        -$    13.34
    DAYTIME RUNNING LIGHTS DISCOUNT            -$     4.55
    DEFENSIVE DRIVING DISCOUNT:                -$    26.79
      SENIOR/MATURE OPERATOR ACCIDENT PREVENTION
      OPERATOR 01 -- (CERTIFICATE EXPIRES 02-01-18)
    MULTI-CAR DISCOUNT                         -$   135.12
    NEW VEHICLE DISCOUNT                       -$    88.21
    PASSIVE RESTRAINT DISCOUNT                 -$     8.45
    PREMIER DRIVER LEVEL DISCOUNT             -$   131.68
```

0901119c9b1dca7c

USAA Confidential

GIC   3673 75 53        7101



**USAA**
9800 Fredericksburg Road
San Antonio, Texas 78288

## FLORIDA AUTO POLICY

**READ YOUR POLICY, DECLARATIONS AND ENDORSEMENTS CAREFULLY**

The automobile insurance contract between the named insured and the company shown on the Declarations page consists of this policy plus the Declarations page and any applicable endorsements. The Quick Reference section outlines essential information contained on the Declarations and the major parts of the policy.

**The policy provides the coverages and amounts of insurance shown on the Declarations for which a premium is shown.**

This is a participating policy.  You are entitled to dividends as may be declared by the company's board of directors.

If this policy is issued by United Services Automobile Association ("USAA"), a reciprocal interinsurance exchange, the following apply:

* By purchasing this policy you are a member of USAA and are subject to its bylaws.

* This is a non-assessable policy. You are liable only for the amount of your premium as USAA has a free surplus in compliance with Article 19.03 of the Texas Insurance Code of 1951, as amended.

* The board of directors may annually allocate a portion of USAA's surplus to Subscriber's Accounts. Amounts allocated to such accounts remain a part of USAA's surplus and may be used as necessary to support the operations of the Association. A member shall have no right to any balance in the member's account except until following termination of membership, as provided in the bylaws.

## QUICK REFERENCE

| | |
|---|---|
| | **DECLARATIONS PAGE** |
| | Named Insured and Address |
| | Policy Period |
| | Operators |
| | Description of Vehicle(s) |
| | Coverages, Amounts of Insurance and Premiums |
| | Endorsements |
| Beginning on Page  3 | **Agreement and Definitions** |
| **Part A   4** | **Liability Coverage** |
| | Definitions |
| | Insuring Agreement |
| |   Bodily Injury Liability Coverage and   Property Damage Liability Coverage |
| | Limit of Liability |
| | Supplementary Payments |
| | Exclusions |
| | Out of State Coverage |
| | Financial Responsibility Required |
| | Other Insurance |
| **Part B-1 8** | **Personal Injury Protection Coverage** |
| | Definitions |
| | Insuring Agreement |
| | Limit of Liability |
| | Application of Deductible |
| | Exclusions |
| | Other Insurance |
| **Part B-2 14** | **Medical Payments Coverage** |
| | Definitions |
| | Insuring Agreement |
| | Limit of Liability |
| | Exclusions |
| | Other Insurance |
| | Special Provisions |
| | |
| | (Quick Reference continued on Page 2) |

54109–0912

0901119c9b1dca7c

USAA Confidential

GIC  ʋ3673 75 53      7101

| Part C | 17 | Uninsured Motorists Coverage | Part E | 26 | General Provisions |
|---|---|---|---|---|---|
| | | Definitions | | | Bankruptcy |
| | | Insuring Agreement | | | Changes |
| | | Limit of Liability (Stacked) | | | Conformity to Law |
| | | Exclusions | | | Duties After an Accident or Loss |
| | | Other Insurance | | | Legal Action Against Us |
| | | Non–Duplication | | | Mediation |
| | | | | | Misrepresentation |
| Part D | 21 | Physical Damage Coverage | | | Non–Duplication of Payment |
| | | Definitions | | | Our Right to Recover Payment |
| | | Insuring Agreement | | | Ownership |
| | |   Comprehensive Coverage | | | Policy Period and Territory |
| | |   Collision Coverage | | | Reducing the Risk of Loss and |
| | |   Rental Reimbursement Coverage | | | Other Benefits |
| | |   USAA Roadside Assistance | | | Spouse Access |
| | | Limit of Liability | | | Termination |
| | | Payment of Loss | | | Transfer of Your Interest in this |
| | | Loss Payable Clause | | |   Policy |
| | | Waiver of Collision Deductible | | | Two or More Auto Policies |
| | | Exclusions | | | |
| | | Mandatory Pre–Insurance Inspection | | | |
| | | No Benefit to Bailee | | | |
| | | Other Sources of Recovery | | | |
| | | Appraisal | | | |

**5100FL(02) Rev. 10–12**

USAA Confidential

0901119c9b1dca7c

GIC      ;73 75 53      7101

# FLORIDA AUTO POLICY

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we will provide the coverages and limits of liability for which a premium is shown on the Declarations.

## DEFINITIONS

The words defined below are used throughout this policy. They are in **boldface** when used.

A. **"You"** and **"your"** refer to the "named insured" shown on the Declarations and spouse if a resident of the same household.

B. **"We," "us,"** and **"our"** refer to the Company providing this insurance.

C. **"Auto business"** means the business of altering, customizing, leasing, parking, repairing, road testing, delivering, selling, servicing, towing, repossessing, or storing vehicles.

D. **"Bodily injury"** (referred to as **BI**).

   1. **"Bodily injury"** means bodily harm, sickness, disease, or death.

   2. **"Bodily injury"** does not include mental injuries such as emotional distress, mental anguish, humiliation, mental distress, or any similar injury unless it arises out of physical injury to some person.

E. **"Driving contest or challenge"** includes, but is not limited to:

   1. A competition against other people, vehicles, or time; or

   2. An activity that challenges the speed or handling characteristics of a vehicle or improves or demonstrates driving skills, provided the activity occurs on a track or course that is closed from non-participants.

F. **"Family member"** means a person related to **you** by blood, marriage, or adoption who resides primarily in **your** household. This includes a ward or foster child.

G. **"Fungi"** means any type or form of **fungi**, including mold or mildew, and includes any mycotoxins, spores, scents, or byproducts produced or released by **fungi**.

H. **"Miscellaneous vehicle"** means the following motorized vehicles: motor home; golf cart; snowmobile; all-terrain vehicle; or dune buggy.

I. **"Motorcycle"** means a two- or three-wheeled motor vehicle that is subject to motor vehicle licensing in the location where the **motorcycle** is principally garaged.

J. **"Newly acquired vehicle."**

   1. **"Newly acquired vehicle"** means a vehicle, not insured under another policy, that is acquired by **you** or any **family member** during the policy period and is:

      a. A private passenger auto, pickup, **trailer**, or **van**;

      b. A **miscellaneous vehicle** that is not used in any business or occupation; or

      c. A **motorcycle**, but only if a **motorcycle** is shown on the current Declarations.

**5100FL(02)** Rev. 10-12

0901119c9b1dca7c

USAA Confidential

2. **We** will automatically provide for the **newly acquired vehicle** the broadest coverages as are provided for any vehicle shown on the Declarations. If **your** policy does not provide Comprehensive Coverage or Collision Coverage, **we** will automatically provide these coverages for the **newly acquired vehicle** subject to a $500 deductible for each loss.

3. Any automatic provision of coverage under J.2. will apply for up to 30 days after the date **you** or any **family member** becomes the owner of the **newly acquired vehicle**. If **you** wish to continue coverage for the **newly acquired vehicle** beyond this 30-day period, **you** must request it during this 30-day period, and **we** must agree to provide the coverage **you** request for this vehicle. If **you** request coverage after this 30-day period, any coverage that **we** agree to provide will be effective at the date and time of **your** request unless **we** agree to an earlier date.

K. **"Occupying"** means in, on, getting into or out of.

L. **"Property damage"** (referred to as PD).

1. **"Property damage"** means physical injury to, destruction of, or loss of use of tangible property.

2. For purposes of this policy, electronic data is not tangible property. Electronic data means information, facts or programs:

   a. Stored as or on;

   b. Created or used on; or

   c. Transmitted to or from;

   computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

M. **"Trailer"** means a vehicle designed to be pulled by a private passenger auto, pickup, **van** or **miscellaneous vehicle**. It also means a farm wagon or implement while towed by such vehicles.

N. **"Van"** means a four-wheeled land motor vehicle of the van type with a load capacity of not more than 2,000 pounds.

O. **"Your covered auto"** means:

1. Any vehicle shown on the Declarations.

2. Any **newly acquired vehicle**.

3. Any **trailer you** own.

## PART A – LIABILITY COVERAGE

**DEFINITIONS**

**"Covered person"** as used in this Part means:

1. **You** or any **family member** for the ownership, maintenance or use of any auto or **trailer**.

2. Any person using **your covered auto**.

3. Any other person or organization, but only with respect to legal liability imposed on them for the acts or omissions of a person for whom

coverage is afforded in 1. or 2. above. With respect to an auto or **trailer** other than **your covered auto**, this provision only applies if the other person or organization does not own or hire the auto or **trailer**.

The following are not **covered persons** under Part A:

1. The United States of America or any of its agencies.

**5100FL(02)** Rev. 10-12

I.035L3N.000077.0039.0010.0.000000.Z.

USAA Confidential

0901119c9b1dca7c

GIC   ~3673 75 53      7101

**(PART A Cont'd.)**

2. Any person with respect to **BI** or **PD** resulting from the operation of an auto by that person as an employee of the United States Government. This applies only if the provisions of Section 2679 of Title 28, United States Code as amended, require the Attorney General of the United States to defend that person in any civil action which may be brought for the **BI** or **PD**.

## INSURING AGREEMENT

**We** will pay compensatory damages for **BI** or **PD** for which any **covered person** becomes legally liable because of an auto accident. **We** will settle or defend, as **we** consider appropriate, any claim or suit asking for these damages. **Our** duty to settle or defend ends when **our** limit of liability for these coverages has been paid or tendered. **We** have no duty to defend any suit or settle any claim for **BI** or **PD** not covered under this policy.

## LIMIT OF LIABILITY

For **BI** sustained by any one person in any one auto accident, **our** maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative or consequential damages recoverable by any persons, is the limit of liability shown on the Declarations for "each person" for **BI** Liability.

Subject to this limit for "each person," the limit of liability shown on the Declarations for "each accident" for **BI** Liability is **our** maximum limit of liability for all damages for **BI** resulting from any one auto accident. The limit of liability shown on the Declarations for "each accident" for **PD** Liability is **our** maximum limit of liability for all damages to all property resulting from any one auto accident.

These limits are the most **we** will pay regardless of the number of:

1. **Covered persons;**

2. Claims made;

3. Vehicles or premiums shown on the Declarations; or

4. Vehicles involved in the auto accident.

However, if a policy provision that would defeat coverage for a claim under this Part is declared to be unenforceable as a violation of the state's financial responsibility law, **our** limit of liability will be the minimum required by the state's financial responsibility law.

## SUPPLEMENTARY PAYMENTS

In addition to **our** limit of liability, **we** will pay on behalf of a **covered person:**

1. Premiums on appeal bonds and bonds to release attachments in any suit **we** defend. But **we** will not pay the premium for bonds with a face value over **our** limit of liability shown on the Declarations.

2. Prejudgment interest awarded against the **covered person** on that part of the judgment **we** pay. If **we** make an offer to pay the applicable limit of liability, **we** will not pay any prejudgment interest based on that period of time after the offer.

3. Interest accruing, in any suit **we** defend, on that part of a judgment that does not exceed **our** limit of liability. **Our** duty to pay interest ends when **we** offer to pay that part of the judgment that does not exceed **our** limit of liability.

4. Up to $250 a day for loss of wages because of attendance at hearings or trials at **our** request.

5. The amount a **covered person** must pay to the United States Government because of damage to a government-owned private passenger auto, pickup, or **van** which occurs while the vehicle is in the care, custody, or control of a **covered person**. The most **we** will pay is an amount equal to one month of the basic salary of the **covered person** at the time of a loss. Only Exclusions A.1. and A.8. apply.

6. Other reasonable expenses incurred at **our** request.

**5100FL(02)** Rev. 10-12

USAA Confidential

**(PART A Cont'd.)**

7.  All defense costs **we** incur.

## EXCLUSIONS

A.  **We** do not provide Liability Coverage for any **covered person**:

1.  Who intentionally acts or directs to cause **BI** or **PD**, or who acts or directs to cause with reasonable expectation of causing **BI** or **PD**.

2.  For **PD** to property owned or being transported by a **covered person**.

3.  For **PD** to property rented to, used by, or in the care of any **covered person**. This exclusion (A.3.) does not apply to damage to a residence or garage.

4.  For **BI** to an employee of that person which occurs during the course of employment. This exclusion (A.4.) does not apply to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5.  For that person's liability arising out of the ownership or operation of a vehicle while it is being used to carry persons for a fee. This exclusion (A.5.) does not apply to:

    a.  A share-the-expense car pool; or

    b.  **Your covered auto** used for volunteer work when reimbursement is limited to mileage expenses.

6.  While employed or otherwise engaged in the **auto business**. This exclusion (A.6.) does not apply to the ownership, maintenance, or use of **your covered auto** by **you**, any **family member**, or any partner, agent, or employee of **you** or any **family member**.

7.  Maintaining or using any vehicle while that person is employed or otherwise engaged in any business or occupation other than the **auto business**, farming, or ranching. This exclusion (A.7.) does not apply:

a.  To the maintenance or use of a private passenger auto; a pickup or van owned by **you** or any **family member**; or a **trailer** used with these vehicles; or

b.  To the maintenance or use of a pickup or **van** not owned by **you** or any **family member** if the vehicle's owner has valid and collectible primary liability insurance or self-insurance in force at the time of the accident.

8.  Using a vehicle without expressed or implied permission.

9.  For **BI** or **PD** for which that person is an insured under any nuclear energy liability policy. This exclusion (A.9.) applies even if that policy is terminated due to exhaustion of its limit of liability.

10. For **BI** or **PD** occurring while **your covered auto** is rented or leased to others, or shared as part of a personal vehicle sharing program.

11. For punitive or exemplary damages.

12. For **BI** sustained as a result of exposure to **fungi**, wet or dry rot, or bacteria.

13. For **BI** to a relative who resides primarily in that **covered person's** household.

B.  **We** do not provide Liability Coverage for the ownership, maintenance, or use of:

1.  Any vehicle that is not **your covered auto** unless that vehicle is:

    a.  A four- or six-wheel land motor vehicle designed for use on public roads;

    b.  A moving van for personal use;

    c.  A **miscellaneous vehicle**; or

    d.  A vehicle used in the business of farming or ranching.

L035L3N.000077.0039.0011.0.000000.Z

USAA Confidential

0901119c9b1dca7c

GIC    073 75 53      7101

**(PART A Cont'd.)**

2. Any vehicle, other than **your covered auto:**

   a. That has fewer than four wheels; or

   b. That is designed mainly for use off public roads.

   This exclusion (B.2.) does not apply while the vehicle is being used in a medical emergency.

3. Any vehicle, other than **your covered auto,** that is owned by **you,** or furnished or available for **your** regular use. This exclusion (B.3.) does not apply to a vehicle not owned by **you** if the vehicle's owner has valid and collectible primary liability insurance or self-insurance in force at the time of the accident.

4. Any vehicle, other than **your covered auto,** that is owned by or furnished or available for the regular use of, any **family member.** This exclusion (B.4.) does not apply:

   a. To **your** maintenance or use of such vehicle; or

   b. To a vehicle not owned by any **family member** if the vehicle's owner has valid and collectible primary liability insurance or self-insurance in force at the time of the accident.

5. Any vehicle while being operated in, or in practice for, any **driving contest or challenge.**

C. There is no coverage for liability assumed by any **covered person** under any contract or agreement.

**OUT OF STATE COVERAGE**

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, **your** policy will provide at least the minimum amounts and types of liability coverages required by law. However, no one will be entitled to duplicate payments for the same elements of loss.

**FINANCIAL RESPONSIBILITY REQUIRED**

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

**OTHER INSURANCE**

A. If there is other applicable liability insurance, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits.

B. With respect to a vehicle **you** or a **family member** does not own, any insurance **we** provide to a **covered person** shall be excess over:

   1. Any other applicable liability insurance; or

   2. Any self-insurance in compliance with a state's financial responsibility law or mandatory insurance law.

   However, with respect to a vehicle leased or rented by **you,** if **you** have agreed to provide primary coverage in a written lease or rental agreement, the coverage provided by this policy is primary, but only for the minimum limits required by the Florida Financial Responsibility law and the Florida Motor Vehicle No-Fault Law.

0901119c9b1dca7c

USAA Confidential

## PART B-1 – PERSONAL INJURY PROTECTION COVERAGE
### (Referred to as PIP Coverage)

**DEFINITIONS**

A. **"Covered person"** as used in this Part means:

1. **You** or any **family member:**

   a. While **occupying your covered auto** within the United States or Canada;

   b. While **occupying** any **motor vehicle** within the State of Florida; or

   c. As a **pedestrian**, for **BI** caused by physical contact with a **motor vehicle** and resulting from an accident occurring within the State of Florida.

2. Any other person while **occupying** or when struck by **your covered auto** within the State of Florida. However, this (A.2.) does not apply if the person is:

   a. An **owner** of a **motor vehicle** for which security is required under the Florida Motor Vehicle No-Fault Law; or

   b. An insured entitled to receive PIP benefits from the **motor vehicle owner's** insurer.

B. **"Emergency medical condition"** means a medical condition manifesting itself by acute symptoms of sufficient severity, which may include severe pain, such that the absence of immediate medical attention could reasonably be expected to result in any of the following:

1. Serious jeopardy to patient health;

2. Serious impairment to bodily functions; or

3. Serious dysfunction of any bodily organ or part.

C. **"Entity wholly owned"** means a proprietorship, group practice, partnership, or corporation that provides health care services rendered by licensed health care practitioners and in which licensed health care practicioners are the business owners of all aspects of the business entity, including, but not limited to, being reflected as the business owners on the title or lease of the physical facility, filing taxes as the business owners, being account holders on the entity's bank account, being listed as the principals on all incorporation documents required by this state, and having ultimate authority over all personnel and compensation decisions relating to the entity. However, this definition does not apply to an entity that is wholly owned, directly or indirectly, by a hospital licensed under chapter 395.

D. **"Family member"** as used in this Part means a relative of any degree by blood, marriage, or by adoption, who usually makes his or her home in the same family unit, whether or not temporarily living elsewhere.

E. **"Medically necessary."**

1. **"Medically necessary"** refers to a medical service or supply that a prudent physician would provide for the purpose of preventing, diagnosing, or treating an illness, injury, disease, or symptom in a manner that is:

   a. In accordance with generally accepted standards of medical practice;

   b. Clinically appropriate in terms of type, frequency, extent, site, and duration; and

   c. Not primarily for the convenience of the patient, physician, or other health care provider.

L035L3N.000077.0039.0012.0.000000.Z.

0901119c9b1dca7c           USAA Confidential

**(PART B-1 Cont'd.)**

2. **"Medically necessary"** does not include the following:

   a. Spinal ultrasound, also known as sonography, ultrasonography, and echography;

   b. Somatosensory Evoked Potential for use in the diagnosis of radiculopathy or distal nerve entrapment when treating persons sustaining bodily injury covered by personal injury protection benefits; and

   c. Dermatomal Evoked Potential.

F. **"Medical benefits"** means **reasonable fees** for **medically necessary** medical, surgical, X-ray, dental, and rehabilitative services, including prosthetic devices, and **medically necessary** ambulance, hospital, and nursing services if the individual *receives initial services and care pursuant to* F.1. below within 14 days after the motor vehicle accident. The **medical benefits** provide reimbursement only for:

1. Initial services and care that are lawfully provided, supervised, ordered, or prescribed by a physician licensed under chapter 458 or chapter 459, a dentist licensed under chapter 466, or a chiropractic physician licensed under chapter 460 or that are provided in a hospital or in a facility that owns, or is wholly owned by, a hospital. Initial services and care may also be provided by a person or entity licensed under part III or chapter 401 which provides emergency transportation and treatment.

2. Upon referral by a provided described in F.1., follow-up services and care consistent with the underlying medical diagnosis rendered pursuant to F.1. which may be provided, supervised, ordered, or prescribed only by a physician licensed under chapter 458 or chapter 459, a chiropractic physician licensed under chapter 460, a dentist licensed under chapter 466, or, to the extent permitted by applicable law and under the supervision of such physician,

osteopathic physician, chiropractic physician, or dentist, by a physician assistant licensed under chapter 458 or chapter 459 or an advanced registered nurse practitioner licensed under chapter 464. Follow-up services and care may also be provided by any of the following persons or entities:

   a. A hospital or ambulatory surgical center licensed under chapter 395.

   b. An **entity wholly owned** by one or more physicians licensed under chapter 458 or 459, chiropractic physicians licensed under chapter 460, or dentists licensed under chapter 466 or by such practitioners and the spouse, parent, child, or sibling of such practitioners.

   c. An entity that owns or is wholly owned, directly or indirectly, by a hospital or hospitals.

   d. A physical therapist licensed under chapter 486, based upon a referral by a provider described in F.2.

   e. A health care clinic licensed under part X of chapter 400 which is accredited by the Joint Commission on Accreditation of Healthcare Organizations, the American Osteopathic Association, the Commission on Accreditation of Rehabilitation Facilities, or the Accreditation Association for Ambulatory Health Care, Inc.; or

   (1) Has a medical director licensed under chapter 485, chapter 459, or chapter 460;

   (2) Has been continuously licensed for more than 3 years or is a publicly traded corporation that issues securities traded on an exchange registered with the United States Securities and Exchange Commission as a national securities exchange; and

**5100FL(02)** Rev. 10-12

0901119c9b1dca7c

USAA Confidential

**(PART B-1 Cont'd.)**

(3) Provides at least four of the following medical specialties:

(a) General medicine;

(b) Radiography;

(c) Orthopedic medicine;

(d) Physical medicine;

(e) Physical therapy;

(f) Physical rehabilitation;

(g) Prescribing or dispensing outpatient prescription medication;

(h) Laboratory services.

3. Reimbursement for services and care provided in F.1. or F.2. up to $10,000 if a physician licensed under chapter 458 or chapter 459, a dentist licensed under chapter 466, a physician assistant licensed under chapter 458 or 459, or an advanced registered nurse practitioner licensed under chapter 464 has determined that the injured person had an **emergency medical condition.**

4. Reimbursement for services and care provided in F.1. or F.2. is limited to $2,500 if any provider listed in F.1. or F.2. determines that the injured person did not have an **emergency medical condition.**

5. **Medical benefits** do not include massage as defined in s. 480.033 or acupuncture as defined in s. 457.102, regardless of the person, entity, or licensee providing massage or acupuncture, and a licensed massage therapist or licensed acupuncturist may not be reimbursed for **medical benefits** under this section.

G. "Motor vehicle."

1. "Motor vehicle" means any self-propelled vehicle with four or more wheels which is of a type both designed and required to be licensed for use on the highways of the State of Florida and any **trailer** or semi-trailer designed for use with such vehicle.

2. "Motor vehicle" does not include a mobile home or any vehicle, other than a **motor vehicle** used in public school transportation:

a. Which is used as mass transit and designed to transport more than five passengers exclusive of the operator of the vehicle; and

b. Owned by a municipality, a transit authority, or a political subdivision of the state.

H. "Owner" means a person or organization who holds the legal title to a **motor vehicle,** and also includes:

1. A debtor having the right to possession, in the event a **motor vehicle** is the subject of a security agreement; and

2. A lessee having the right to possession, in the event a **motor vehicle** is the subject of a lease with option to purchase and such lease agreement is for a period of six months or more; and

3. A lessee having the right to possession, in the event a **motor vehicle** is the subject of a lease without option to purchase, and such lease agreement is for a period of six months or more, and the lease agreement provides that the lessee shall be responsible for securing insurance.

I. "Pedestrian" means a person while not **occupying** any self-propelled vehicle.

J. "Reasonable accessible" means any location within the municipality where the **covered person** is receiving treatment, or in which the **covered person** resides, or within 10 miles by road of a **covered person's** residence, provided such location is within the county in which the **covered person** resides.

If there is no qualified physician to conduct the examination in a location **reasonably accessible** to the **covered person,** then such examination shall be conducted in an area of the closest proximity to the insured's residence.

0901119c9b1dca7c                          USAA Confidential

GIC   73 75 53    7101

**(PART B-1 Cont'd.)**

K. **"Reasonable fee"** is no more than 80 percent of the following schedule of maximum charges:

1. Two hundred (200) percent of Medicare for emergency transport and treatment by providers licensed under chapter 401.

2. Seventy-five (75) percent of the hospital's usual and customary charges for emergency services and care provided by a hospital licensed under chapter 395.

3. The usual and customary charges in the community for emergency services and care as defined by s. 395.002 provided in a facility licensed under chapter 395 rendered by a physician or dentist, and related hospital inpatient services rendered by a physician or dentist.

4. Two hundred (200) percent of Medicare Part A prospective payment applicable to the specific hospital providing the inpatient services for hospital inpatient services, other than emergency services and care.

5. Two hundred (200) percent of Medicare Part A Ambulatory Payment Classification for the specific hospital providing the outpatient services for hospital outpatient services, other than emergency services and care.

6. For all other medical services, supplies and care, two hundred (200) percent of the allowable amount under:

   a. Medicare Part B, except as provided in 6.b and 6.c. below;

   b. Medicare Part B, in the case of services, supplies, and care provided by ambulatory surgical centers and clinical laboratories;

   c. The Durable Medical Equipment Prosthetics/Orthotics and Supplies fee schedule of Medicare Part B, in the case of durable medical equipment; or

   d. If such services, supplies or care are not reimbursable under Medicare Part B, **we** may limit reimbursement to 80 percent of the maximum reimbursable allowance under workers' compensation, as determined under s. 440.13 and rules adopted thereunder which are in effect at the time such services, supplies, or care are provided.

   For purposes of this definition (K.), the applicable fee schedule or payment limitation under Medicare is the fee schedule or payment limitation in effect on March 1 of the year in which the services, supplies or care is rendered and for the area in which such services are rendered, and the applicable fee schedule or payment limitation applies throughout the remainder of that year, notwithstanding any subsequent change made to the fee schedule or payment limitation, except that it may not be less than the applicable schedule of Medicare Part B for 2007 for medical services, supplies and care subject to Medicare Part B.

L. **"Replacement services expenses"** means, with respect to the period of disability of the **covered person**, all expenses reasonably incurred in obtaining from others ordinary and necessary services in lieu of those that, but for such injury, the **covered person** would have performed without income for the benefit of the **covered person's** household.

M. **"Work loss"** means, with respect to the period of disability of the **covered person**, 60 percent of gross income and earning capacity from inability to work proximately caused by the **BI** sustained by the **covered person**. However, **"work loss"** does not include any loss after death of a **covered person**.

N. **"Your covered auto"** as used in this Part does not include any **miscellaneous vehicle** or **motorcycle** for which security is not required under the Florida Motor Vehicle No-Fault Law.

0901119c9b1dca7c                        USAA Confidential

GIC    G073 75 53    7101

**(PART B-1 Cont'd.)**

## INSURING AGREEMENT

A. **We** will pay, in accordance with the Florida Motor Vehicle No-Fault Law, as amended, to or for the benefit of the **covered person:**

   1. **Medical benefits;** and

   2. **Work loss;** and

   3. **Replacement services expenses;** and

   4. Death benefits of $5,000. Death benefits are in addition to the **medical benefits, work loss** and **replacement services expenses** provided under the insurance policy.

These must be incurred as a result of **BI** (1) caused by an accident arising out of the ownership, maintenance, or use of a **motor vehicle** and (2) sustained by a **covered person.**

B. **We** will not be liable for subsequent PIP benefits if a **covered person** unreasonably refuses to submit to an examination as required in Part E – General Provisions, Duties After an Accident or Loss.

C. Whenever a person making a claim is charged with committing a felony, **we** shall withhold PIP benefits until 30 days after **we** receive notice that the prosecution, at the trial level, makes a formal entry on the record that it will not prosecute the case against the person, the charge is dismissed, or the person is acquitted.

D. **We** or someone on **our** behalf will review, by audit or otherwise, claims for benefits under this coverage to determine if the charges are **reasonable fees** for **medically necessary** and appropriate services or reasonable expenses for funeral services. A provider of medical or funeral services may charge more than the amount **we** determine to be **reasonable fees** and reasonable expenses, but such additional charges are not covered.

E. If the service provider sues the **covered person** because **we** refuse to pay expenses that **we** determine are unreasonable or unnecessary, **we** will settle or defend the suit, as **we** consider appropriate. **We** will pay defense costs and any resulting settlement or judgment against the **covered person** for reasonable and necessary expenses, subject to the limit of liability for this coverage. The **covered person** must cooperate with **us** in the defense of any claim or lawsuit. **We** will also pay a **covered person** up to $250 a day for loss of wages because of attendance at hearings or trials at **our** request.

F. **We** may utilize Medicare coding policies and payment methodologies of the federal Centers for Medicare and Medicaid Services, including applicable modifiers, to determine the appropriate amount of reimbursement for medical services, supplies or care if the coding policy or payment methodology does not constitute a utilization limit.

## LIMIT OF LIABILITY

A. Regardless of the number of **covered persons**, claims made, vehicles or premiums shown on the Declarations, or vehicles involved in an auto accident, the total aggregate limit of PIP benefits available under Florida Motor Vehicle No-Fault Law, as amended, from all sources combined, including this policy, for all loss and expense incurred by or on behalf of any one person who sustains **BI** as the result of one accident shall not exceed the amount indicated on the Declarations.

B. Any amount payable under PIP Coverage shall be reduced by the amount of benefits a **covered person** has recovered or is entitled to recover for the same elements of loss under the workers' compensation laws of any state or the Federal Government.

**5100FL(02)** Rev. 10-12

I.035L3N.000077.0039.0014.0.000000.Z.

USAA Confidential

0901119c9b1dca7c

GIC    03673 75 53      7101

**(PART B-1 Cont'd.)**

C. **We** will reserve $5,000 of PIP benefits for payment to physicians licensed under chapter 458 or chapter 459 or dentists licensed under chapter 466 who provide emergency services and care, as defined in s. 395.002, or who provide hospital inpatient care. The amount held in reserve will be used only to pay claims from such physicians or dentists until 30 days after the date **we** receive notice of the accident. After the 30-day period, any amount of the reserve for which we have not received notice of such claims may be used to pay other PIP benefits for loss or expense incurred because of the accident.

## APPLICATION OF DEDUCTIBLE

The amount of any deductible stated on the Declarations, incurred by or on behalf of each person to whom the deductible applies and who sustains BI as a result of any one accident, shall be deducted from 100% of the **medical benefits, work loss,** and **replacement services expenses** described in F.S. s. 627.736(1) before the application of any percentage limitation that may result because of the lack of Medical Payments benefits coverage. Such deductible shall not apply to:

1. The death benefit; or

2. Any person determined eligible pursuant to the Florida Crime Compensation Act, excluding s. 960.28 of the act.

## EXCLUSIONS

A. **We** do not provide PIP Coverage for BI sustained by any **covered person:**

1. While **occupying a motor vehicle** you own that is not **your covered auto** under this Part;

2. While **occupying,** or when struck by, any vehicle, other than **your covered auto,** that is owned by or furnished or available for the regular use of, any **family member.** This exclusion (A.2.)

does not apply to **you.**

3. While operating **your covered auto** without expressed or implied consent;

4. If that **covered person** intentionally caused the BI;

5. While committing a felony;

6. For **work loss** if an entry on the Declarations indicates such coverage does not apply; or

7. While **occupying a motor vehicle** located for use as a residence or premises.

B. **We** will not pay benefits under PIP Coverage for services, supplies or care that is not reimbursable under Medicare or Florida workers' compensation law.

C. **We** will not pay benefits under PIP Coverage for any person:

1. Entitled to PIP benefits from:

   a. The owner of a **motor vehicle** other than **you;** or

   b. That owner's insurer.

2. Who owns an uninsured motor vehicle subject to the Florida Motor Vehicle No-Fault Law, as amended.

## OTHER INSURANCE

A. If there is other applicable PIP Coverage, **we** will pay only **our** share of the loss and of expenses incurred in processing the claim. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits.

B. If a **covered person** is injured while **occupying,** or when struck by, a **motor vehicle** rented or leased under a rental or lease agreement, PIP Coverage under the lessor's policy will be primary unless a statement in bold type on the face of the rental or lease agreement, specifies that PIP Coverage afforded under the lessor's policy shall be excess.

**5100FL(02)** Rev. 10-12

Page 13 of 34

USAA Confidential

0901119c9b1dca7c

GIC     03673 75 53     7101

# PART B-2 - MEDICAL PAYMENTS COVERAGE

## DEFINITIONS

A. **"Covered person"** as used in this Part means:

1. **You** or any **family member** while **occupying** any auto.

2. Any other person while **occupying your covered auto.**

3. **You** or any **family member** while not **occupying** a motor vehicle if injured by:

   a. A motor vehicle designed for use mainly on public roads;

   b. A **miscellaneous vehicle**; or

   c. A **trailer.**

B. **"Medical payment fee"** is an amount, as determined by **us** or someone on **our** behalf, that **we** will pay for charges made by a licensed hospital, licensed physician, or other licensed medical provider for **medically necessary and appropriate medical services**. The amount that **we** will pay will be one of the following:

1. The amount provided by an applicable agreement with a Preferred Provider Organization, Preferred Provider Network, or other similar agreement; or

2. The amount required, approved, or allowed by a fee schedule established by a state, federal, or other governmental entity in the relevant geographic area; or

3. The amount negotiated with the provider; or

4. The lesser of the following:

   a. The actual amount billed; or

   b. A reasonable fee for the service provided.

C. **"Medically necessary and appropriate medical services"** are those services or supplies provided or prescribed by a licensed hospital, licensed physician, or other licensed medical provider that, as determined by **us** or someone on **our** behalf, are required to identify or treat **BI** caused by an auto accident and sustained by a **covered person** and that are:

1. Consistent with the symptoms, diagnosis, and treatment of the **covered person's** injury and appropriately documented in the **covered person's** medical records;

2. Provided in accordance with recognized standards of care for the **covered person's** injury at the time the charge is incurred;

3. Consistent with published practice guidelines and technology, and assessment standards of national organizations or multi-disciplinary medical groups;

4. Not primarily for the convenience of the **covered person**, his or her physician, hospital, or other health care provider;

5. The most appropriate supply or level of service that can be safely provided to the **covered person**; and

6. Not excessive in terms of scope, duration, or intensity of care needed to provide safe, adequate, and appropriate diagnosis and treatment.

However, **"medically necessary and appropriate medical services"** do not include the following:

1. Nutritional supplements or over-the-counter drugs;

**5100FL(02)** Rev. 10-12

L035L3N.000077.0039.0015.0.000000.7

0901119c9b1dca7c

USAA Confidential

GIC  ⌐373 75 53    7101

**(PART B-2 Cont'd.)**

2. Experimental services or supplies, which means services or supplies that **we** determine have not been accepted by the majority of the relevant medical specialty as safe and effective for treatment of the condition for which its use is proposed;

3. Inpatient services or supplies provided to the **covered person** when these could safely have been provided to the **covered person** as an outpatient;

4. Spinal ultrasound, also known as sonography, ultrasonography and echography;

5. Surface EMG;

6. Somatosensory Evoked Potential for use in the diagnosis of radiculopathy or distal nerve entrapment when treating persons sustaining **BI** covered by Medical Payments Coverage; and

7. Dermatomal Evoked Potential.

## INSURING AGREEMENT

A. **We** will pay only the **medical payment fee** for **medically necessary and appropriate medical services** and the reasonable expense for funeral services. These fees and expenses must:

1. Result from BI sustained by a **covered person** in an auto accident; and

2. Be incurred for services rendered within three years from the date of the auto accident.

B. **We** or someone on **our** behalf will review, by audit or otherwise, claims for benefits under this coverage to determine if the charges are **medical payment fees** for **medically necessary and appropriate medical services** or reasonable expenses for funeral services. A provider of medical or funeral services may charge more than the amount **we** determine to be **medical payment fees** and reasonable expenses, but such additional charges are not covered.

For purposes of this Part, **we** shall not be considered to have been furnished with notice of the amount of a covered loss or medical bills due unless the statements or bills are properly completed in their entirety, with all relevant information being provided.

1. All statements and bills for medical services rendered by any physician, hospital, clinic, or other person or institution shall be submitted to **us** on a properly completed:

   a. Centers for Medicare and Medicaid Services (CMS) 1500 form; or

   b. UB 92 form.

2. For purposes of this Part, "properly completed" means that the billing shall, to the extent applicable, use the following in effect for the year in which services are rendered:

   a. The Physicians' Current Procedural Terminology (CPT);

   b. Healthcare Correct Procedural Coding System (HCPCS); and

   c. ICD-9.

3. In addition to the references shown in B.2.a. through B.2.c. above, **we**, or someone on **our** behalf, may seek guidance from one or more of the following to determine whether a form is "properly completed":

   a. The Office of the Inspector General (OIG);

   b. Physicians Compliance Guidelines; and

   c. Other authoritative treatises designated by rule by the Agency for Health Care Administration.

**5100FL(02)** Rev. 10-12

0901119c9b1dca7c

USAA Confidential

**(PART B-2 Cont'd.)**

4. All providers, other than hospitals, shall include on the applicable claim form the professional license number of the provider in the line or space provided for "Signature of Physician or Supplier, Including Degrees or Credentials."

5. No statement of medical services may include charges for medical services performed by a person or entity unless that person or entity possesses the valid licenses required to perform such services.

C. If the service provider sues the **covered person** because **we** refuse to pay expenses that **we** determine are unreasonable or unnecessary, **we** will settle or defend the suit, as **we** consider appropriate. **We** will pay defense costs and any resulting settlement or judgment against the **covered person** for reasonable and necessary expenses, subject to the limit of liability for this coverage. The **covered person** must cooperate with **us** in the defense of any claim or lawsuit. **We** will also pay a **covered person** up to $250 a day for loss of wages because of attendance at hearings or trials at **our** request.

D. **We** will not be liable for pending or subsequent benefits if a **covered person** or assignee of benefits under Medical Payments Coverage refuses to submit to an examination as required in Part E – General Provisions, Duties After an Accident or Loss.

**LIMIT OF LIABILITY**

A. The limit of liability shown on the Declarations for Medical Payments Coverage is the maximum limit of liability for each **covered person** injured in any one accident. This is the most **we** will pay regardless of the number of **covered persons**, claims made, vehicles or premiums shown on the Declarations, or vehicles involved in an auto accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part C of this policy.

**EXCLUSIONS**

**We** do not provide benefits under this Part for any **covered person** for BI:

1. Sustained while **occupying** any vehicle that is not **your covered auto** unless that vehicle is:

   a. A four- or six-wheel land motor vehicle designed for use on public roads;

   b. A moving van for personal use;

   c. A **miscellaneous vehicle**; or

   d. A vehicle used in the business of farming or ranching.

2. Sustained while **occupying your covered auto** when it is being used to carry persons for a fee. This exclusion (2.) does not apply to:

   a. A share-the-expense car pool; or

   b. **Your covered auto** used for volunteer work when reimbursement is limited to mileage expenses.

3. Sustained while **occupying** any vehicle located for use as a residence.

4. Occurring during the course of employment if workers' compensation benefits are required or available.

5. Sustained while **occupying**, or when struck by, any vehicle, other than **your covered auto**, that is owned by **you**.

6. Sustained while **occupying**, or when struck by, any vehicle, other than **your covered auto**, that is owned by any **family member**. This exclusion (6.) does not apply to **you**.

7. Sustained while **occupying** a vehicle without expressed or implied permission.

**5100FL(02)** Rev. 10–12

I.035L3N.000077.0039.0016.0.000000.Z.

USAA Confidential

0901119c9b1dca7c

GIC    03673 75 53      7101

**(PART B-2 Cont'd.)**

8. Sustained while **occupying** a vehicle when it is being used in the business or occupation of a **covered person**. This exclusion (8.) does not apply to BI sustained while **occupying** a private passenger auto, pickup or **van**, or a **trailer** used with these vehicles.

9. Caused by or as a consequence of war, insurrection, revolution, nuclear reaction, or radioactive contamination.

10. Sustained while **occupying your covered auto** while it is rented or leased to others, or shared as part of a personal vehicle sharing program.

11. Sustained while a participant in, or in practice for, any **driving contest or challenge**.

12. Sustained as a result of a **covered person's** exposure to **fungi**, wet or dry rot, or bacteria.

**OTHER INSURANCE**

If there is other applicable auto medical payments insurance, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide with respect to a vehicle **you** do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

**SPECIAL PROVISIONS**

A. If **your covered auto** and every other motor vehicle **you** own are within the policy territory referred to in Part E – General Provisions, then coverage under Part B-2 – Medical Payments Coverage will apply to **you** and any **family member** anywhere in the world.

B. Payment under Part B-2 – Medical Payments Coverage shall be applied to that portion of any claim for PIP medical expenses that is otherwise covered but not payable under PIP Coverage due to the limitation of 80% of medical expenses, regardless of whether the full amount of PIP benefits have been exhausted. However, Medical Payments Coverage shall not be payable for the amount of any deductible which has been selected under PIP Coverage.

## PART C – UNINSURED MOTORISTS COVERAGE
### (referred to as UM Coverage)

UM Coverage includes underinsured motorists coverage.

**DEFINITIONS**

A. **"Covered person"** as used in this Part means:

1. **You** or any **family member**.

2. Any other person **occupying your covered auto**.

3. Any person for damages that person is entitled to recover because of **BI** to which this coverage applies sustained by a person described in 1. or 2. above.

However, **"covered person"** does not include the United States of America or any of its agencies.

B. **"Uninsured Motor Vehicle."**

1. **"Uninsured motor vehicle"** means a land motor vehicle or **trailer** of any type:

a. To which no liability bond or policy applies at the time of the accident.

b. To which a liability bond or policy applies at the time of the accident but its limit for bodily injury liability is not enough to pay the full amount the **covered person** is legally entitled to recover as damages.

0901119c9b1dca7c                                    USAA Confidential

GIC    03673 75 53      7101

**(PART C Cont'd.)**

c.  That is a hit–and–run motor vehicle. This means a motor vehicle whose owner or operator cannot be identified and that hits or that causes an accident resulting in **BI** without hitting:

   (1)  **You** or any **family member;**

   (2)  A vehicle **you** or any **family member** is occupying; or

   (3)  **Your covered auto.**

d.  To which a liability bond or policy applies at the time of the accident but the bonding or insuring company denies coverage or is or becomes insolvent within 4 years after the accident.

2.  **"Uninsured motor vehicle"** does not include any vehicle or equipment.

   a.  Owned by or furnished or available for the regular use of **you** or any **family member.** This exclusion (2.a.) does not apply:

      (1)  If the vehicle or equipment is **your covered auto** to which Part A of this policy applies; and

      (2)  Liability coverage is excluded for any person other than **you** or any **family member** for damages sustained in the accident by **you** or any **family member.**

   b.  Operated on rails or crawler treads, except for a snowmobile.

   c.  Designed mainly for use off public roads while not on public roads.

   d.  While located for use as a residence or premises.

**INSURING AGREEMENT**

A.  **We** will pay compensatory damages which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **BI**

sustained by a **covered person** and caused by an auto accident. However, **we** will not pay damages for pain, suffering, mental anguish, or inconvenience unless the **BI** consists in whole or in part of:

1.  Significant and permanent loss of an important bodily function;

2.  Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement;

3.  Significant and permanent scarring or disfigurement; or

4.  Death.

B.  The owner's or operator's liability for these damages must arise out of the ownership, maintenance, or use of the **uninsured motor vehicle.** Any judgment for damages arising out of a suit brought without **our** written consent is not binding on **us.**

**LIMIT OF LIABILITY (STACKED)**

A.  Accidents involving **BI** to **you** or any **family member.**

1.  For **BI** sustained by any one person in any one accident, **our** maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative, or consequential damages recoverable by any persons, is the limit of liability shown on the Declarations for "each person" for UM Coverage, multiplied by the number of premiums shown in the Declarations for UM Coverage. Subject to this limit for "each person," **our** maximum limit of liability for all damages for **BI** resulting from any one accident is the limit of liability shown on the Declarations for "each accident" for UM Coverage multiplied by the number of premiums shown on the Declarations for UM Coverage.

**5100FL(02)** Rev. 10–12

Page 18 of 34

1.035L3N.000077.0039.0017.0.000000.Z

USAA Confidential

0901119c9b1dca7c

GIC    073 75 53     7101

**(PART C Cont'd.)**

2. Notwithstanding the maximum limits of liability for "each person" and "each accident" set forth in A.1. above, for **BI** sustained in any one accident by a **covered person** other than **you** or any **family member, our** maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative, or consequential damages recoverable by any persons is the lesser of:

   a. The "each person" limit of liability for UM Coverage shown on the Declarations applicable to the vehicle that person was **occupying** at the time of the accident; or

   b. That **covered person's** pro–rata share of the "each accident" limit of liability for UM Coverage shown on the Declarations applicable to that vehicle.

**You** or any **family member** who sustains **BI** in the accident will also be entitled to a pro–rata share of the "each accident" limit of liability applicable to that vehicle. A person's pro–rata share is the proportion that that person's damages bears to the total damages sustained by all **covered persons**.

3. These limits are the most **we** will pay, regardless of the number of:

   a. **Covered persons;**

   b. Claims made; or

   c. Vehicles involved in the accident.

B. Accidents not involving **BI** to **you** or any **family member.**

1. For **BI** sustained by any one person in any one accident, **our** maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative, or consequential damages recoverable by any persons, is the limit of liability shown on the Declarations for "each person" for UM Coverage.

Subject to this limit for "each person", **our** maximum limit for all damages for **BI** resulting from any one accident is the limit of liability shown on the Declarations for "each accident" for UM Coverage.

2. These limits are the most **we** will pay, regardless of the number of:

   a. **Covered persons;**

   b. Claims made;

   c. Vehicles or premiums shown on the Declarations;

   d. Premiums paid; or

   e. Vehicles involved in the accident.

C. Any amount otherwise payable for damages under UM Coverage shall be reduced by all sums paid or payable because of the **BI:**

1. Under any workers' compensation law, disability benefits law, or similar law; or

2. Under any PIP Coverage, automobile medical expense coverage, or motor vehicle liability insurance.

D. Any amount otherwise payable for damages under UM Coverage shall be reduced by all sums paid because of the **BI** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A.

**EXCLUSIONS**

A. We do not provide UM Coverage for **BI** sustained by any **covered person:**

1. If that person or legal representative settles the **BI** claim without **our** written consent. However, this exclusion (A.1.) does not apply:

   a. If such settlement does not prejudice **our** right to recover payment; or

0901119c9b1dca7c

USAA Confidential

**(PART C Cont'd.)**

b. If that person or legal representative provides **us** with advance notice of any proposed settlement as required by Part E – General Provisions, Duties After an Accident or Loss.

2. While **occupying your covered auto** when it is being used to carry persons for a fee. This exclusion (A.2.) does not apply to:

a. A share–the–expense car pool; or

b. **Your covered auto** used for volunteer work when reimbursement is limited to mileage expenses.

3. Using a vehicle without expressed or implied permission.

4. While **your covered auto** is rented or leased to others, or shared as part of a personal vehicle sharing program.

5. While **occupying** any vehicle when it is being operated in, or in practice for, **any driving contest or challenge**.

B. UM Coverage shall not apply directly or indirectly to benefit any insurer or self–insurer under any workers' compensation law or similar disability benefits law.

C. **We** do not provide UM Coverage for punitive or exemplary damages.

**OTHER INSURANCE**

If there is other applicable UM Coverage available under one or more policies or provisions of coverage:

1. Any insurance **we** provide with respect to a vehicle **you** do not own or to a person other than **you** or any **family member** will be excess over any collectible insurance.

2. If the coverage under this policy is provided:

a. On a primary basis, **we** will pay only **our** share of the loss that must be paid under insurance providing coverage on a primary basis. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

b. On an excess basis, **we** will pay only **our** share of the loss that must be paid under insurance providing coverage on an excess basis. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits of liability of coverage provided on an excess basis.

**NON-DUPLICATION**

No **covered person** will be entitled to receive duplicate payments under this coverage for the same elements of loss which were:

1. Paid because of the BI by or on behalf of persons or organizations who may be legally responsible.

2. Paid or payable under any workers' compensation law or similar disability benefits law.

3. Paid under another provision or coverage in this policy.

4. Paid under any PIP Coverage or under any automobile medical expense coverage.

1.035L3N.000077.0039.0018.0.000000.Z.

USAA Confidential

0901119c9b1dca7c

GIC     03673 75 53      7101

# PART D – PHYSICAL DAMAGE COVERAGE

## DEFINITIONS

A. **"Actual cash value"** means the amount that it would cost, at the time of **loss**, to buy a comparable vehicle. As applied to **your covered auto**, a comparable vehicle is one of the same make, model, model year, body type, and options with substantially similar mileage and physical condition.

B. **"Collision"** means the impact with an object and includes upset of a vehicle. **Loss** caused by the following is covered under Comprehensive Coverage and is not considered **collision**: fire; missiles or falling objects; hail, water or flood; malicious mischief or vandalism; theft or larceny; riot or civil commotion; explosion or earthquake; contact with bird or animal; windstorm; or breakage of window glass. If breakage of window glass is caused by a **collision**, you may elect to have it considered a **loss** caused by **collision**.

C. **"Custom equipment"** means equipment, furnishings and parts permanently installed in or upon **your covered auto**, other than:

   1. Original manufacturer equipment, furnishings, or parts;

   2. Any replacement of original manufacturer equipment, furnishings or parts with other equipment, furnishings or parts of like kind and quality;

   3. Equipment, furnishings, or parts designed to assist disabled persons;

   4. Anti–theft devices and devices intended to monitor or record driving activity; and

   5. Tires of a substantially similar size as those installed by the manufacturer.

D. **"Loss"** means direct and accidental damage to the operational safety, function, or appearance of, or theft of, **your covered auto** or personal property contained in **your covered auto**. **Loss** includes a total loss, but does not include any damage other than the cost to **repair** or replace. **Loss** does not include any loss of use, or diminution in value that would remain after **repair** or replacement of the damaged or stolen property.

E. **"Nonowned vehicle."**

   1. **"Nonowned vehicle"** means any private passenger auto, pickup, **van**, **miscellaneous vehicle**, or **trailer** not owned by, or furnished or available for the regular use of, **you** or any **family member**. This applies only when the vehicle is in the custody of or being operated by **you** or any **family member**.

   2. A **nonowned vehicle** does not include any of the following vehicles used in any business or occupation other than farming or ranching:

      a. A pickup;

      b. A **van**; or

      c. A **miscellaneous vehicle**.

F. **"Repair."**

   1. **"Repair"** means restoring the damaged property to its pre–**loss** operational safety, function, and appearance. This may include the replacement of component parts.

   2. **Repair** does not require:

      a. A return to the pre–**loss** market value of the property;

0901119c9b1dca7c

USAA Confidential

**(PART D Cont'd.)**

   b.  Restoration, alteration, or replacement of undamaged property, unless such is needed for the operational safety of the vehicle; or

   c.  Rekeying of locks following theft or misplacement of keys.

G.  **"Your covered auto,"** as used in this Part, includes:

   1.  **Custom equipment,** up to a maximum of $5,000, in or on **your covered auto.**

   2.  A **nonowned vehicle.** If there is a **loss** to a **nonowned vehicle, we** will provide the broadest coverage shown on the Declarations.

**INSURING AGREEMENT**

A.  Comprehensive Coverage (excluding **collision**).

   1.  Physical damage. **We** will pay for **loss** caused by other than **collision** to **your covered auto,** including its equipment, and personal property contained in **your covered auto,** minus any applicable deductible shown on the Declarations. However, **we** will pay for the cost of repairing or replacing the damaged windshield on **your covered auto** without a deductible.

   2.  Transportation expenses. **We** will also pay:

     a.  Up to $30 a day, to a maximum of $900, for transportation expenses incurred by **you** or any **family member.** This applies only in the event of a total theft of **your covered auto. We** will pay only transportation expenses incurred during the period beginning 48 hours after the theft and ending when **your covered auto** is returned to use or, if not recovered or not **repairable,** up to seven days after **we** have made a settlement offer.

     b.  If Rental Reimbursement Coverage is afforded, limits for transportation expenses are the limits of liability shown on the Declarations for Rental Reimbursement for that vehicle.

B.  Collision Coverage. **We** will pay for **loss** caused by **collision** to **your covered auto,** including its equipment, and personal property contained in **your covered auto,** minus any applicable deductible shown on the Declarations.

C.  Rental Reimbursement Coverage (for **loss** other than total theft).

   1.  **We** will reimburse **you** for expenses **you** or any **family member** incurs to rent a substitute for **your covered auto.** This coverage applies only if:

     a.  **Your covered auto** is withdrawn from use for more than 24 hours due to a **loss,** other than a total theft, to that auto; and

     b.  The **loss** is covered under Comprehensive Coverage or caused by **collision,** and the cause of **loss** is not otherwise excluded under Part D of this policy.

   2.  **We** will reimburse **you** only for that period of time reasonably required to **repair** or replace **your covered auto.** If **we** determine **your covered auto** is a total loss, the rental period will end no later than seven days after **we** have made a settlement offer.

D.  USAA Roadside Assistance. **We** will pay the reasonable costs **you** or any **family member** incurs for one of the following each time **your covered auto** is disabled:

   1.  Mechanical labor up to one hour at the place of breakdown.

   2.  Locksmith services to gain entry to **your covered auto.** This does not include the rekeying of locks following theft or misplacement of keys.

L035I 3N 000077 0029 0018 0 000000 7

USAA Confidential

0901119c9b1dca7c

**(PART D Cont'd.)**

3. Towing, to the nearest place where necessary repairs can be made during regular business hours, if the vehicle will not run or is stranded on or immediately next to a public road.

4. Delivery of gas or oil to, or a change of tire on a disabled vehicle. However, **we** do not pay for the cost of these items.

## LIMIT OF LIABILITY

A. Total loss to **your covered auto. Our** limit of liability under Comprehensive Coverage and Collision Coverage is the **actual cash value** of the vehicle, inclusive of any **custom equipment.**

1. The maximum amount **we** will include for **loss** to **custom equipment** in or on **your covered auto** is $5,000.

2. **We** will declare **your covered auto** to be a total loss if, in **our** judgment, the cost to **repair** it would be greater than its **actual cash value** minus its salvage value after the **loss.**

B. Other than a total loss to **your covered auto:**

1. **Our** limit of liability under Comprehensive Coverage and Collision Coverage is the amount necessary to **repair the loss** based on **our** estimate or an estimate that **we** approve, if submitted by **you** or a third party. Upon request, **we** will identify at least one facility that is willing and able to complete the **repair** for the amount of the estimate.

2. **Our** estimate may specify used, rebuilt, remanufactured, or non–Original Equipment Manufacturer (non–OEM) parts which are at least equivalent in kind and quality to the damaged parts prior to the **loss** in terms of fit, appearance, and performance.

3. **You** may request that damaged parts be replaced with new Original Equipment Manufacturer (OEM) parts. **You** will be responsible, however, for any cost

difference between the parts included in **our** estimate and the new OEM parts used in the **repair.**

4. **We** will not take a deduction for depreciation. **We** will take a deduction if prior damage has not been **repaired.** Prior damage does not include wear and tear.

C. Personal property contained in **your covered auto.** The limits of liability described below are separate from the limits available for a **loss** to **your covered auto:**

1. **Our** limit of liability under Comprehensive Coverage and Collision Coverage is the lesser of:

   a. The amount necessary to replace the damaged or stolen property; or

   b. $250.

2. **We** will not take a deduction for depreciation.

D. Under Rental Reimbursement Coverage, **our** maximum limits of liability are the limits of liability shown on the Declarations for Rental Reimbursement Coverage for that vehicle.

E. Under USAA Roadside Assistance, **our** limit of liability is the reasonable price for the covered service.

## PAYMENT OF LOSS

**We** may pay for **loss** in money, or **repair** or replace the damaged or stolen property. **We** may, at **our** expense, return any stolen property to **you** or to the address shown on the Declarations. If **we** return stolen property **we** will pay for any damage resulting from the theft. **We** may keep all or part of the damaged or stolen property and pay **you** an agreed or appraised value for it. **We** cannot be required to assume the ownership of damaged property. **We** may settle a claim either with **you** or with the owner of the property.

0901119c9b1dca7c

USAA Confidential

**(PART D Cont'd.)**

**LOSS PAYABLE CLAUSE**

Loss or damage under this policy will be paid, as interest may appear, to the named insured and the loss payee shown on the Declarations. This insurance, with respect to the interest of the loss payee, will not become invalid because of **your** fraudulent acts or omissions unless the loss results from **your** conversion, secretion, or embezzlement of **your covered auto. We** may cancel the policy as permitted by policy terms and the cancellation will terminate this agreement as to the loss payee's interest. **We** will give the same advance notice of cancellation to the loss payee as **we** give to the named insured shown on the Declarations. **We** may send notices to the loss payee either by mail or by electronic means. However, if the loss payee requests in writing that **we** not send notices, including a notice of cancellation, **we** will abide by that request. When **we** pay the loss payee **we** will, to the extent of payment, be subrogated to the loss payee's rights of recovery.

**WAIVER OF COLLISION DEDUCTIBLE**

**We** will not apply the deductible to **loss** caused by **collision** with another vehicle if all of these conditions are met:

1. The **loss to your covered auto** is greater than the deductible amount; and

2. The owner and driver of the other vehicle are identified; and

3. The owner or driver of the other vehicle has a liability policy covering the **loss**; and

4. The driver of **your covered auto** is not legally responsible, in any way, for causing or contributing to the **loss**.

**EXCLUSIONS**

**We** will not pay for:

1. **Loss to your covered auto** which occurs while it is being used to carry persons for a fee. This exclusion (1.) does not apply to:

a. A share-the-expense car pool; or

b. **Your covered auto** used for volunteer work when reimbursement is limited to mileage expenses.

2. Damage due and confined to:

a. Road damage to tires;

b. Wear and tear;

c. Freezing; or

d. Mechanical or electrical breakdown or failure, including such damage resulting from negligent servicing or repair of **your covered auto** or its equipment. **We** will pay for ensuing damage only to the extent the damage occurs outside of the major component (such as transmission/transaxle, electrical system, engine including cooling and lubrication thereof, air conditioning, computer, suspension, braking, drive assembly, and steering) in which the initial mechanical or electrical breakdown or failure occurs.

This exclusion (2.) does not apply if the damage results from the total theft of **your covered auto**, and it does not apply to USAA Roadside Assistance.

3. **Loss** due to or as a consequence of war, insurrection, revolution, nuclear reaction, or radioactive contamination.

4. **Loss** to a camper body or **trailer** owned by **you** or any **family member** which is not shown on the Declarations. This exclusion (4.) does not apply to one **you** or any **family member** acquires during the policy period and asks us to insure within 30 days after **you** or any **family member** becomes the owner.

5. **Loss** to any **nonowned vehicle** when used by **you** or any **family member** without a reasonable belief that **you** or that **family member** is entitled to do so.

**5100FL(02)** Rev. 10-12                                    Page 24 of 34

I.035L3N.000077.0039.0020.0.000000.Z.    USAA Confidential
0901119c9b1dca7c

**(PART D Cont'd.)**

6. Loss to equipment designed or used to evade or avoid the enforcement of motor vehicle laws.

7. Loss to any **nonowned vehicle** arising out of its use by **you** or any **family member** while employed or otherwise engaged in **auto business** operations.

8. Loss to **your covered auto** while it is rented or leased to others, or shared as part of a personal vehicle sharing program.

9. Loss to any vehicle while it is being operated in, or in practice for, any **driving contest or challenge**.

10. Loss resulting from:

    a. The acquisition of a stolen vehicle;

    b. Any legal or governmental action to return a vehicle to its legal owner; or

    c. Any confiscation or seizure of a vehicle by governmental authorities.

    This exclusion (10.) does not apply to innocent purchasers of stolen vehicles for value under circumstances that would not cause a reasonable person to be suspicious of the sales transaction or the validity of the title.

11. Loss resulting from use in any illicit or prohibited trade or transportation.

12. Any **loss** arising out of any act committed:

    a. By or at the direction of **you** or any **family member**; and

    b. With the intent to cause a **loss**.

13. Loss caused by **fungi**, wet or dry rot, or bacteria. This means the presence, growth, proliferation, spread, or any activity of **fungi**, wet or dry rot, or bacteria. This exclusion (13.) does not apply to damage directly resulting from a **loss** covered under Comprehensive Coverage or Collision Coverage.

**5100FL(02)** Rev. 10-12

## MANDATORY PRE-INSURANCE INSPECTION

A. **We** have the right to inspect any private passenger motor vehicle which **you** insure or intend to insure for Physical Damage Coverage under this policy. This right applies only in accordance with Florida Statute 627.744.

B. When **we** require an inspection, **you** must cooperate and make the vehicle available for the inspection.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the **loss**, **we** will pay only **our** share of the **loss**. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide with respect to a **nonowned vehicle** will be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the **nonowned vehicle**.

2. Any other applicable physical damage insurance.

3. Any other source of recovery applicable to the **loss**.

This provision does not apply to USAA Roadside Assistance.

## APPRAISAL

If **we** and **you** do not agree on the amount of **loss**, either may demand an appraisal. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the **actual cash value** and the amount of **loss**. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser and share the expenses of the umpire equally. Neither **we** nor **you** waive any rights under this policy by agreeing to an appraisal.

Page 25 of 34

0901119c9b1dca7c

USAA Confidential

# PART E – GENERAL PROVISIONS

## BANKRUPTCY

Bankruptcy or insolvency of the **covered person**, as defined in this policy, shall not relieve **us** of any obligations under this policy.

## CHANGES

A. The premium is based on information **we** have received from **you** and other sources. **You** agree to cooperate with **us** in determining if this information is correct and complete. **You** agree that if this information changes, or is incorrect or incomplete, **we** may adjust **your** premiums accordingly during the policy period.

B. If, during the policy period, the risk exposure changes for any of the following reasons, **we** will make the necessary premium adjustments effective the date of change in exposure. Change in exposure means the occurrence of an event listed in B.1. through B.7. or in E. below, or a similar event that may increase or decrease the policy premium. **You** agree to give **us** notice of any exposure change as soon as is reasonably possible. Changes that may result in a premium adjustment include, but are not limited to, the following:

   1. Change in location where any vehicle is garaged.

   2. Change in description, equipment, purchase date, registration, cost, usage, miles driven annually, or operators of any vehicle.

   3. Replacement or addition of any vehicle. A replacement or additional vehicle is a **newly acquired vehicle**.

   4. Deletion of a vehicle. The named insured may request that a vehicle shown on the Declarations be deleted from this policy. The effective date of this change cannot be earlier than the date of the named insured's request unless **we** agree to an earlier date.

   5. Change in date of birth, marital status, driver's license information, or driving record of any operator.

   6. Addition or deletion of an operator.

   7. Change, addition, or deletion of any coverage or limits.

C. **We** will make any calculations or adjustments of **your** premium using the applicable rules, rates, and forms as of the effective date of the change.

D. If **we** make a change which broadens coverage under this edition of **our** policy without additional premium charge, that change will automatically apply to **your** insurance as of the date **we** implement that change in **your** location. This paragraph does not apply to changes implemented with a revision that includes both broadenings and restrictions in coverage. Otherwise, this policy includes all of the agreements between **you** and **us**. Its terms may not be changed or waived except by endorsement issued by **us**.

E. Deployment

   1. If, because of **your** active-duty deployment in one of the military services of the United States, **you** have reduced the coverage on **your covered auto** and placed the vehicle in storage, then, upon **your** return from the deployment, **we** will reinstate the coverage that was on the vehicle prior to the deployment-caused reduction beginning on the date the vehicle is removed from storage.

**5100FL(02)** Rev. 10-12

L035L3N.000077.0039.0021.0.000000.Z

USAA Confidential

0901119c9b1dca7c

**(PART E Cont'd.)**

2. Any reinstatement of coverage under E.1. will apply for up to 60 days after the date **you** returned from deployment. If **you** wish to continue the reinstated coverage beyond the 60-day period, **you** must request it during the 60-day period. If **you** request reinstated coverage after this 60-day period, any coverage **we** agree to provide will be effective at the date and time of **your** request unless **we** agree to an earlier date.

3. **You** must pay an additional premium, as set out in Part E., Changes, B.7., for the reinstated coverage. However, if **you** return from deployment on furlough or emergency leave for a period of 30 days or less, **we** will waive any increase in the premium for the period of time **you** are on furlough or emergency leave, provided that no claim for coverage under this policy is made for a loss that occurs during that time period. If a loss occurs **we** will, as of the date of the loss, reinstate the coverage that was on the vehicle prior to the deployment-caused reduction, and **you** must pay an additional premium for that coverage.

## CONFORMITY TO LAW

If any of the terms of this policy conflict with state or local law, state or local law will apply.

## DUTIES AFTER AN ACCIDENT OR LOSS

**We** will not be required to provide coverage under this policy unless there has been full compliance with the following duties:

A. **We** must be notified promptly of how, when, and where an accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person or entity seeking any coverage or payment of any benefits except payment under Part A – Liability must:

1. Cooperate with **us** in the investigation, settlement, or defense of any claim or suit.

2. Promptly send **us** copies of any notices or legal papers received in connection with a suit, accident, or loss.

3. Submit, as often as **we** reasonably require:

   a. To physical exams by physicians **we** select. **We** will pay for these exams.

   b. To examination under oath. The examination must be signed.

4. Authorize **us** to obtain medical reports and other pertinent records.

5. Submit a proof of loss when required by **us**.

6. Promptly notify the police if a hit-and-run driver is involved.

C. A person or entity seeking coverage under Part B-1 – PIP Coverage or Part B-2 – Medical Payments Coverage.

1. As soon as practicable, give to **us** written proof of claim, under oath if required, which may include full particulars of the nature and extent of the injuries and treatment received and contemplated, and such other information as may assist **us** in determining the amount due and payable.

2. Submit as often as **we** reasonably require, to examination under oath. The examination must be signed.

3. Submit to mental examinations by physicians **we** select at **our** expense when and as often as **we** may reasonably require. Mental exams or physical exams as required by **us** in B.3.a. above will be scheduled in a location reasonably accessible to such person, and a copy of the medical report shall be forwarded to such person if requested. Reasonably accessible means any location:

   a. Within the municipality where such person is receiving treatment or in which that person resides; or

**5100FL(02)** Rev. 10-12

0901119c9b1dca7c

USAA Confidential

(PART E Cont'd.)

b. Within 10 miles by road of such person's residence, provided such location is within the county in which that person resides.

If there is no qualified physician to conduct the examination in a location reasonably accessible to such person, then the examination shall be conducted in an area of the closest proximity to that person's residence.

D. A person seeking coverage under Part C – UM Coverage must also comply with the following:

1. If the **covered person** and the owner or operator of the **uninsured motor vehicle** reach a settlement agreement that would exhaust the owner's or operator's limits of liability, the **covered person** must submit the agreement to **us** in writing for **our** approval prior to final execution of the settlement agreement. This applies only if:

   a. The settlement would not fully satisfy the **covered person's** claim for **BI**; and

   b. A claim for UM Coverage has been or will be made against **us**.

2. The **covered person** may file suit against **us** and the owner or operator of the **uninsured motor vehicle** if, within 30 days after **our** receipt of the settlement agreement, **we** do not:

   a. Approve the settlement;

   b. Waive **our** rights of recovery against the owner or operator of the **uninsured motor vehicle**;

   c. Authorize the signing of a full release; and

   d. Agree to arbitrate the claim for UM Coverage.

The suit shall decide if the **covered person** is legally entitled to collect damages and, if so, the amount.

E. A person seeking coverage under Part D – Physical Damage Coverage must also:

1. Take reasonable steps after loss to protect **your covered auto** and its equipment from further loss. **We** will pay reasonable expenses incurred to do this.

2. Promptly notify the police if **your covered auto** is stolen.

3. Permit **us** to inspect and appraise the damaged property before its repair or disposal.

## LEGAL ACTION AGAINST US

A. No legal action may be brought against **us** until there has been full compliance with all the terms of this policy.

1. In addition, under Part A, no legal action may be brought against **us** until **we** agree in writing that the **covered person**, as defined in Part A, has an obligation to pay, or the amount of that obligation has been finally determined by judgment after trial.

2. In addition, under Part B–1 – PIP Coverage and Part B–2 – Medical Payments Coverage, if **we** fail to deny or pay a claim within 30 days of receiving adequate proof of that claim, the **covered person** shall not file suit for those benefits until providing **us** with a written demand for payment and giving **us** 30 days in which to respond to that demand. Any written demand for payment must include an itemized statement specifying each exact amount, the date of treatment, service, or accommodation, and the type of benefits claimed to be due.

B. No person or organization has any right under this policy to bring **us** into any action to determine the liability of a **covered person**, as defined in this policy.

**5100FL(02)** Rev. 10–12

I.035L3N.000077.0039.0022.0.000000.Z.

USAA Confidential

0901119c9b1dca7c

**(PART E Cont'd.)**

C. Unless **we** agree otherwise, any legal action against **us** must be brought in a court of competent jurisdiction in the county and state where the **covered person** lived at the time of the accident.

## MEDIATION

**We** or the **covered person** may request mediation of any claim for **BI** in an amount of $10,000 or less or a claim for **PD** in any amount arising out of the ownership, operation, use, or maintenance of a motor vehicle prior to the institution of litigation.

Such request shall be filed with the Florida Department of Financial Services on a form approved by the department. The request must state why mediation is being requested and the issue in dispute.

The Florida Department of Financial Services will appoint a mediator. Each party may reject one mediator whether before or after the other party has made a rejection. The mediator will notify the parties of the date, time, and place of the mediation conference, which will be held within 45 days of the request for mediation. The mediation will be conducted informally and may be held by telephone if feasible. Participants must have authority to make a binding decision, and must mediate in good faith. Information and disclosures provided during mediation are not admissible in any subsequent action or proceeding relating to the claim or cause of action giving rise to the claim. Costs of the mediator shall be shared equally by each party unless the mediator determines a party has not mediated in good faith.

If a person files suit which relates to facts already mediated, such facts shall not be mediated again. Only one mediation may be requested for each claim, unless all parties agree to further mediation.

The filing of a request for mediation tolls the applicable time requirements for filing suit for a period of 60 days following the conclusion of the mediation process or the time prescribed in the Limitation of Actions, whichever is later.

## MISREPRESENTATION

**We** do not provide any coverage under this policy for any person who has knowingly concealed or misrepresented any material fact or circumstance relating to this insurance:

1. At the time application was made; or

2. At any time during the policy period; or

3. In connection with the presentation or settlement of a claim.

### NON-DUPLICATION OF PAYMENT

When a claim, or part of a claim, is payable under more than one provision of this policy, **we** will pay for each element of loss only once under this policy.

### OUR RIGHT TO RECOVER PAYMENT

A. If **we** make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, **we** will be subrogated to that right. The person to or for whom payment was made shall do whatever is necessary to enable **us** to exercise **our** rights, and shall do nothing after loss to prejudice them. However, **our** rights in this paragraph do not apply:

1. Under Part C – UM Coverage, with respect to payments made because of the **BI** resulting from an accident with an **uninsured motor vehicle**, as defined in Definition 1.b. of that Part, if **we**:

   a. Have been given prompt written notice of a tentative settlement between a **covered person**, as defined in Part C, and the insurer of an **uninsured motor vehicle**; and

   b. Fail to advance payment to such person in an amount equal to the tentative settlement within 30 days after receipt of notification.

0901119c9b1dca7c

USAA Confidential

**(PART E Cont'd.)**

If **we** advance payment to the **covered person** in an amount equal to the tentative settlement within 30 days after receipt of notification, that payment will be separate from any amount the **covered person** is entitled to recover under the provisions of Part C – UM Coverage. However, **we** shall have a right to recover such advance payment.

2. Under Part D, against any person using **your covered auto** with a reasonable belief that that person is entitled to do so.

B. If **we** make a payment under this policy and the person to or for whom payment was made recovers damages from another, the person to or for whom payment was made shall hold in trust for **us** the proceeds of the recovery and reimburse **us** to the extent of **our** payment.

C. If the **covered person**, as defined in this policy, recovers from the party at fault and **we** share in the recovery, **we** will pay **our** share of the legal expenses. **Our** share is that percent of the legal expenses that the amount **we** recover bears to the total recovery. This does not apply to any amounts recovered or recoverable by **us** from any other insurer under any inter–insurer arbitration agreement.

D. If **we** make payment for a claim under Part A, and the **covered person**, as defined in Part A:

1. Knowingly concealed or misrepresented any material fact or circumstance relating to this insurance; or

2. Failed or refused to comply with the duties specified in this policy and prejudiced **our** defense of the liability claim by such failure or refusal;

then, the **covered person** shall reimburse **us** to the extent of **our** payment and cost of defense.

E. If **we** make payment for a claim under Part D and **you** or any **family member** has knowingly concealed or misrepresented any material fact or circumstance relating to this insurance, then **you** shall reimburse **us** to the extent of **our** payment.

**OWNERSHIP**

For purposes of this policy, a vehicle is deemed to be owned by a person if leased under a written agreement to that person for a continuous period of at least six months.

**POLICY PERIOD AND TERRITORY**

A. This policy applies only to accidents and losses which occur during the policy period as shown on the Declarations and within the policy territory. The policy territory is the United States of America (USA), its territories and possessions, Puerto Rico, and Canada, including transportation of **your covered auto** between any ports of these locations.

However, PIP benefits under Part B–1 – PIP Coverage apply only to accidents occurring within the State of Florida with respect to any **covered person**, as defined in Part B–1 – PIP Coverage, other than **you** or any **family member**.

B. The policy territory also includes Mexico, subject to the following conditions:

1. All coverages afforded by the policy, except PIP Coverage, are extended to include coverage during trips into Mexico. This applies only to loss or accident that occurs within 75 miles of the USA border.

2. Any liability coverage afforded by the policy is extended to include the remainder of Mexico, but only if **you** have valid and collectible liability coverages from a licensed Mexican insurance company at the time of loss. This paragraph (B.2.) applies only if the original liability suit for **BI** or **PD** is brought in the USA.

L035L3N.000077.0039.0023.0.000000.7

USAA Confidential

0901119c9b1dca7c

**(PART E Cont'd.)**

3. Coverage under this policy does not extend:

   a. To any **covered person**, as defined in this policy, who does not live in the USA.

   b. To any **covered person**, as defined in this policy, **occupying** a vehicle which is not principally garaged and used in the USA.

   c. To any vehicle which is not principally garaged and used in the USA.

4. The words "state or province" as used in the Out of State Coverage provision in Part A of the policy do not include a "state or province" of Mexico.

5. Losses payable under Part D of the policy will be paid in the USA. If the vehicle must be repaired in Mexico, **our** limit of liability will be determined at the nearest point in the USA where repairs can be made.

6. Any insurance **we** provide will be excess over any other similar valid and collectible insurance.

## REDUCING THE RISK OF LOSS AND OTHER BENEFITS

**We** may occasionally provide **you** with products or services that assist **you** in preventing or reducing the risk of loss, and may provide an incentive for **your** use of these items. **We** may also occasionally provide **you** with items, offers or services **we** think may benefit **you** or **your family members**. Such items, offers and services may be provided in any form **we** choose.

## SPOUSE ACCESS

A. The named insured and we agree that the named insured and resident spouse are "customers" for purposes of state and federal privacy laws. The resident spouse will have access to the same information available to the named insured and may initiate the same transactions as the named insured.

B. The named insured may notify **us** that he/she no longer agrees that the resident spouse shall be treated as a "customer" for purposes of state and federal privacy laws, and **we** will not permit the resident spouse to access policy information.

## TERMINATION

A. Cancellation. This policy may be cancelled during the policy period as follows:

   1. **You** may not cancel a new or renewal policy providing PIP Coverage or Property Damage Liability Coverage during the first 60 days this policy is in effect unless:

      a. **Your covered auto** has been totally destroyed so that it is no longer operable on the roads of Florida; or

      b. Ownership of **your covered auto** is transferred; or

      c. Another policy is purchased to replace the policy being cancelled; or

      d. **You** are a member of the United States Armed Forces and are called to or on active duty outside the United States in an emergency situation.

   2. **You** may cancel this policy for any reason after this policy is in effect for 60 days, but the effective date of cancellation cannot be earlier than the date of the request unless **we** agree to an earlier date.

   3. **We** may cancel this policy by mailing a notice to the named insured shown on the Declarations at the most recent address **you** provided to **us** by giving:

      a. At least ten days notice if cancellation is for nonpayment of premium; or

      b. At least 45 days notice in all other cases.

**5100FL(02)** Rev. 10-12

0901119c9b1dca7c

USAA Confidential

**(PART E Cont'd.)**

4. If this is a new policy providing PIP Coverage and Property Damage Liability Coverage, **we** will not cancel for nonpayment of premium during the first 60 days following the date of issuance. However, **we** may cancel if a check used to pay **us** is dishonored for any reason.

5. After this policy is in effect for 60 days, or if this is a renewal policy, **we** will cancel only:

   a. For nonpayment of premium; or

   b. For material misrepresentation or fraud; or

   c. If **your** driver's license, or that of any driver who lives with **you** or customarily uses **your covered auto**, has been suspended or revoked. This must have occurred:

      (1) During the policy period or during the 180 days immediately preceding its effective date; or

      (2) If the policy is a renewal, during its policy period.

6. If this policy is issued to meet the requirements of Florida Statute 627.7275(2)(a) to reinstate a driver's license because of failure to maintain the required security, the following special provisions apply and supersede any contrary provisions in the policy:

   a. **You** may not cancel this policy for any reason.

   b. Effective when **our** underwriting is completed or 30 days from the effective date of the policy, whichever comes first:

      (1) **We** may not cancel this policy for any reason.

      (2) No refund of premium will be allowed.

      (3) This policy may not be changed for any reason that materially increases the risk, including but not limited to, changing to a high risk vehicle, adding vehicles, adding new drivers or moving to a different rating territory.

      (4) If there is a material change in the policy, **you** must obtain a new six-month non-cancellable policy. If **you** obtain the policy from **us**, **we** will give **you** a credit on the new policy for any unearned premium paid on the previously issued policy.

7. **We** may cancel for any other reason not prohibited by law.

B. Nonrenewal. If **we** decide not to renew this policy, **we** will mail notice by registered or certified mail or United States Post Office certificate of mailing to the named insured shown on the Declarations at the most recent address **you** provided to **us**. Notice will be mailed at least 45 days before the end of the policy period.

C. Automatic Termination.

1. If **we** offer to renew and **you** or **your** representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due will mean that **you** have not accepted **our** offer.

2. If **you** obtain other insurance on **your covered auto**, any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance. This does not apply to liability coverage purchased for travel in Mexico.

D. Other Termination Provisions.

1. Mailing of any notice by registered or certified mail or United States Post Office proof of mailing of any notice will be sufficient proof of notice.

I.035L3N.000077.0039.0024.0.000000.Z

USAA Confidential

0901119c9b1dca7c

GIC   03073 75 53      7101

**(PART E Cont'd.)**

2. If this policy is cancelled, the named insured shown on the Declarations may be entitled to a premium refund. The premium refund, if any, will be computed according to **our** manuals. However, making or offering to make the refund is not a condition of cancellation.

3. The effective date of cancellation stated in the notice will become the end of the policy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**Your** rights and duties under this policy may not be assigned without **our** written consent. However, if the named insured shown on the Declarations dies, **we** will provide coverage until the end of the policy period for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if the named insured shown on the Declarations; and

2. The legal representative of the deceased person as if the named insured shown on the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto**.

**TWO OR MORE AUTO POLICIES**

If this policy and any other auto insurance policy **we** issued to **you** apply to the same accident, the maximum limit of **our** liability under all the policies will not exceed the highest applicable limit of liability under any one policy.

This provision does not apply to UM Coverage.

Copyright, USAA, 2011. All rights reserved.
Includes copyrighted material of Insurance Services Office, used with permission.

**5100FL(02)** Rev. 10-12

0901119c9b1dca7c

USAA Confidential

GIC    03673 75 53    PAGE 43
                      7101

THIS PAGE INTENTIONALLY LEFT BLANK

USAA Confidential

0901119c9b1dca7c

GIC    0 _ /3 75 53     7101

## UNINSURED MOTORISTS COVERAGE - FLORIDA (NON-STACKED)

The coverage provided by this Endorsement is subject to all the provisions of the policy and modifies the policy as follows:

### PART C - UNINSURED MOTORISTS COVERAGE (referred to as UM Coverage)

The Limit of Liability (Stacked) is replaced in its entirety by the following:

### LIMIT OF LIABILITY (Non-stacked)

A. For **BI** sustained by any one person in any one accident, **our** maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative, or consequential damages recoverable by any persons, is the limit of liability shown on the Declarations for "each person" for UM Coverage. Subject to this limit for "each person," the limit of liability shown on the Declarations for "each accident" for UM Coverage is **our** maximum limit of liability for all damages for **BI** resulting from any one accident. These limits are the most **we** **will pay regardless of the number of:**

   1. **Covered persons;**

   2. Claims made;

   3. Vehicles or premiums shown on the Declarations;

   4. Premiums paid; or

   5. Vehicles involved in the accident.

B. Any amount otherwise payable for damages under UM Coverage shall be reduced by all sums payable because of the **BI:**

   1. By or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A.

   2. Under any workers' compensation law, disability benefits law, or similar law; or

   3. Under any PIP Coverage, automobile medical expense coverage, or motor vehicle liability insurance.

### EXCLUSIONS

D. **We** do not provide UM Coverage for **BI** sustained by any **covered person** while **occupying** any motor vehicle owned by **you** or any **family member** which is not insured for UM Coverage under this policy. This includes a **trailer** of any type used with that vehicle.

### OTHER INSURANCE

The following is added to the Other Insurance section:

C. Any recovery for damages may equal but not exceed the limit of liability for UM Coverage shown on the Declarations.

### PART E - GENERAL PROVISIONS

The Two or More Auto Policies section is replaced in its entirety by the following:

### TWO OR MORE AUTO POLICIES

If this policy and any other auto insurance policy **we** issued to **you** apply to the same accident, the maximum limit of our liability under all the policies will not exceed the highest applicable limit of liability under any one policy.

Copyright, USAA, 2011. All rights reserved.
Includes copyrighted material of Insurance Services Office, used with permission.

A054(07) Rev. 11-11

50769-1111
Page 1 of 1

0901119c9b1dca7c

USAA Confidential

GIC    0․073 75 53      7101

## ACCIDENT FORGIVENESS

When a premium for Accident Forgiveness is shown on the Declarations:

1. If **you** or any **family member** shown as an operator on the Declarations:

   a. Is involved in an at−fault accident that occurs after the effective date of this endorsement, **we** will waive any premium increase under this policy that would otherwise be applied for the first such at−fault accident.

   b. Was involved in an at−fault accident forgiven in a policy written by **us** or one of **our** affiliates and such operator was removed from that policy and added to this policy without any gap in coverage, **we** will continue to forgive the accident on this policy for the remainder of the period of time the premium increase would have occurred under this policy if there are no other at−fault accidents for which premium is waived under this policy.

   **We** will waive the premium increase for only one at−fault accident per policy period, regardless of the number of operators shown on the Declarations.

2. **We** will waive the premium increase for the at−fault accident in Section I for the period of time during which:

   a. This endorsement is in effect; and

   b. A premium increase for such at−fault accident would have otherwise applied to this policy.

The Accident Forgiveness Endorsement must remain in effect during any renewal period of this policy over the full accident forgiveness period for the premium increase waiver to remain in effect.

Copyright, USAA 2009. All rights reserved.

**ACCFOR(01) 3−09**

91228−0309
Page 1 of 1

USAA Confidential

0901119c9b1dca7c

# AMENDATORY ENDORSEMENT

The coverage provided by this Endorsement is subject to all the provisions of the policy and amendments except as they are modified as follows.

## PART D – PHYSICAL DAMAGE COVERAGE

**INSURING AGREEMENT**

Paragraph A. is replaced in its entirety by the following:

A.  Comprehensive Coverage (excluding **collision**).

1.  Physical damage. **We** will pay for **loss** caused by other than **collision** to **your covered auto**, including its equipment, and personal property contained in **your covered auto**, minus any applicable deductible shown on the Declarations. However, **we** will pay for the cost of repairing or replacing the damaged windshield on **your covered auto** without a deductible.

2.  Transportation expenses. **We** will also pay:

    a   The reasonable amount for transportation expenses incurred by **you** or any **family member**, but no more than the cost of renting an Economy Class vehicle, as defined under Rental Reimbursement Coverage. This applies only in the event of a total theft of **your covered auto**. **We** will pay only transportation expenses incurred during the period beginning 48 hours after the theft and ending when **your covered auto** is returned to use or, if not recovered or not **repairable**, up to seven days after **we** have made a settlement offer.

    b.  If Rental Reimbursement Coverage is afforded, the vehicle class for transportation expenses is the vehicle class shown on the Declarations for Rental Reimbursement for that vehicle.

Paragraph C. is replaced in its entirety by the following:

C.  Rental Reimbursement Coverage (for **loss** other than total theft).

1.  **We** will reimburse **you** for expenses **you** or any **family member** incurs to rent a substitute for **your covered auto**. This coverage applies only if:

    a.  **Your covered auto** is withdrawn from use due to a **loss**, other than a total theft, to that auto; and

    b.  The **loss** is covered under Comprehensive Coverage or caused by **collision**, and the cause of **loss** is not otherwise excluded under Part D of this policy.

2.  **We** will reimburse **you** only for that period of time reasonably required to **repair** or replace **your covered auto**. If **we** determine **your covered auto** is a total loss, the rental period will end no later than seven days after **we** have made a settlement offer.

**LIMIT OF LIABILITY**

Paragraph A. of the Limit of Liability section is replaced in its entirety by the following:

0901119c9b1dca7c

USAA Confidential

GIC    673 75 53      7101

A. **Total loss to your covered auto. Our** limit of liability under Comprehensive Coverage and Collision Coverage is the **actual cash value** of the vehicle, inclusive of any **custom equipment,** and the cost to transfer or replace any equipment, furnishings or parts designed to assist disabled persons.

1. The maximum amount **we** will include for **loss** to **custom equipment** in or on **your covered auto** is $5,000.

2. **We** will declare **your covered auto** to be a total loss if, in **our** judgment, the cost to **repair** it would be greater than its **actual cash value** minus its salvage value after the **loss.**

3. If Car Replacement Assistance is shown on the Features Declarations for this **your covered auto, we** will pay an additional 20% of the **actual cash value** of the vehicle at the time of a total loss. This additional amount:

   a. Is separate from the limit available for **loss** to **your covered auto** under Comprehensive Coverage or Collision Coverage; and

   b. Is available if the total loss is paid:

      (1) Under this policy's Comprehensive Coverage or Collision Coverage; or

      (2) Because of the **PD** by or on behalf of persons or organizations who may be legally responsible.

   However, Car Replacement Assistance does not apply to total loss to any **nonowned vehicle.**

Paragraph D. is replaced in its entirety by the following:

D. Under Rental Reimbursement Coverage, **our** maximum limit of liability is the reasonable amount necessary to reimburse **you** for expenses incurred to rent a vehicle in the applicable class shown on the Declarations:

1. Economy Class. For purposes of this endorsement, Economy Class means "mini," small or compact 2- and 4-door cars that are not considered sports or luxury vehicles and are not the station wagon type.

2. Standard Class. For purposes of this endorsement, Standard Class means standard and full size 2- and 4-door cars that are not considered sports or luxury vehicles and are not the station wagon type.

3. Multipassenger/Truck Class. For purposes of this endorsement, Multipassenger/Truck Class means:

   a. Sports, convertible and luxury cars of any size;

   b. Station wagons;

   c. Minivans;

   d. Mid-size cargo and passenger **vans;**

   e. Pickup trucks; and

   f. "Mini," small and midsize sport utility vehicles (SUVs) that are not considered luxury SUVs.

4. Large SUV Class. For purposes of this endorsement, Large SUV Class means luxury SUVs of any size, large SUVs, any private passenger vehicle equipped to assist the disabled (when available) and large cargo or passenger **vans.**

A402FL(01) 08-14

I,035L3N.000077.0039.0028.0.000000.Z.

USAA Confidential

0901119c9b1dca7c

## PART E - GENERAL PROVISIONS

**OUR RIGHT TO RECOVER PAYMENT**

The Our Right to Recover Payment section is
amended to add the following:

**Our** rights in this section do not apply with
respect to amounts paid in excess of the
**actual cash value of your covered auto**
because of Car Replacement Assistance.

Copyright, USAA, 2013. All rights reserved.

**A402FL(01)** 08-14                                                    Page 3 of 3

0901119c9b1dca7c                    USAA Confidential

GIC   ᴊ3673 75 53      7101

## WE ARE REQUIRED BY FLORIDA LAW TO PROVIDE YOU WITH THE FOLLOWING INFORMATION

**Effective May 1, 1989,** any cancellation or nonrenewal of a policy providing Personal Injury Protection (PIP) or Property Damage (PD) coverage will be reported by the insurer to the Department of Highway Safety and Motor Vehicles.

**Effective May 1, 1989,** failure to maintain Personal Injury Protection (PIP); and **effective October 1, 1989,** failure to maintain Personal Injury Protection (PIP) and Property Damage (PD) coverage on a motor vehicle when required by law may result in the loss of registration and driving privileges in the state of Florida.

**Effective October 1, 2007,** Personal Injury Protection (PIP) is no longer required by law.

**Effective January 1, 2008,** failure to maintain Personal Injury Protection (PIP) and Property Damage (PD) coverage on a motor vehicle when required by law may result in the suspension of driver's license and vehicle registration.

Any operator or owner whose driver's license or registration has been suspended may effect its reinstatement upon compliance with the required evidence of coverage and upon payment to the Department of Highway Safety and Motor Vehicles of a nonrefundable reinstatement fee as follows:

$150   for the first reinstatement

$250   for the second reinstatement

$500   for each subsequent reinstatement during the 3 years following the first reinstatement

If the person does not have a second reinstatement within 3 years after the initial reinstatement, the reinstatement fee shall be $150 for the first reinstatement after that 3 year period.

**55FL(05)**  REV. 11-07

55088-1107
Page 1 of 1

L035I 3N 000077 0039 0029 0 000000 7

USAA Confidential

0901119c9b1dca7c

GIC      673 75 53      7101



9800 Fredericksburg Road
San Antonio, Texas 78288

## ACCIDENT REPORT FORM

The accident report form is a useful tool to assist you in the event you have an accident, loss, you are injured, your vehicle is disabled or you need a rental car.

Please place a copy of this form in each of your vehicles as a reference tool to help you remember information necessary in processing your claim.

In the event of an accident, there are several things to remember:

♦ **Move to a safe location** if you or your car is creating a safety hazard or if you're concerned with your safety.
♦ **Do not leave the scene of the accident** until you have exchanged contact information with the others involved.
♦ **Call the police** and follow their instructions.
  • **Call 911** if there are any injuries
  • In minor accidents, the police may instruct you to exchange information and then contact your insurance company
♦ **Do not discuss who is at fault** with other parties.
♦ **Do not disclose your policy details.** You should only share your drivers license number, that you're insured with USAA, provide your member and USAA's phone number.
♦ **Collect as much information as you can** about the other drivers using the form below.

By contacting USAA at **usaa.com** or by phone at **1-800-531-8722 (USAA)** you can:

♦ **Report your claim.**
♦ **Request a tow** from the scene of the accident. If your vehicle has already been moved for storage or safety, we can assist you in having your vehicle towed from the storage location.
♦ **Reserve a rental** vehicle.
♦ **Arrange your repairs.** You have the right to select the repair shop of your choice. If you are uncertain where to have your damaged vehicle repaired, USAA can assist you in selecting a repairer in the USAA's STARS[1] auto repair network convenient to your business or home. If you select the STARS option, repairs will be warranted for as long as you own the vehicle.

If you are not injured and can exchange information with the other driver(s), we ask that you attempt to collect the following information to assist in expediting your claim. (Use the other side of this form for more room if necessary.)

| LOSS INFORMATION | |
|---|---|
| Date of Accident: _____ | Street/Location: _____ |
| Time of Accident: _____ | City and State: _____ |
| Police/Sheriff Dept _____ Report #: _____ | |

| OTHER VEHICLES AND PARTIES | |
|---|---|
| Name of Driver: _____ | Name of Driver: _____ |
| Address, City, St _____ | Address, City, St _____ |
| Drivers License Number_____ State:_____ | Drivers License Number: _____ State:_____ |
| Phone Number: _____ Insurance Co.:___ | Phone Number: _____ Insurance Co.:___ |
| Policy Number: _____ | Policy Number: _____ |
| Vehicle License Number: _____ State: ___ | Vehicle License Number: _____ State: ___ |
| Year of Vehicle: ____Make ____Model ____ | Year of Vehicle: ____Make ____Model _ |
| Passengers (y/n): ___How Many:___ Injuries (y/n):_ | Passengers (y/n): ___How Many:___ Injuries (y/n):___ |
| Passenger Names:_____ | Passenger Names:_____ |
| Witnesses:_____ | Witnesses:_____ |

[1]STARS facilities are part of USAA's repair network program and warrant repairs for as long as you own your vehicle. Regardless of where you have your vehicle towed after an accident, you are entitled to have your vehicle repaired at the shop of your choice.

88356-0608                                                                  Page 1 of 2

USAA Confidential

0901119c9b1dca7c

GIC          J673  75  53          7101

THIS PAGE INTENTIONALLY LEFT BLANK

88356-0608

Page 2 of 2

I.035L3N.000077.0039.0030.0.000000.Z.

USAA Confidential

0901119c9b1dca7c

# FRAUD WARNING

Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree.

FLFRD(01)  3-07

65971-0307
Page 1 of 2

0901119c9b1dca7c

USAA Confidential

THIS PAGE INTENTIONALLY LEFT BLANK

**FLFRD(01)** 3–07

Page 2 of 2

0901119c9b1dca7c

USAA Confidential

## FLORIDA ANTI-LOCK BRAKE DISCOUNT

An approximate 3% discount on premiums for Personal Injury Protection, Bodily Injury, Property Damage, and Collision coverages is now available if your vehicle is equipped with a factory installed anti-lock braking system. The discount applies to any private passenger auto, pickup, van or motorhome equipped with anti-lock brakes regardless of model year.

An anti-lock braking system is a computerized braking system which prevents wheels from locking when the brakes are applied. This keeps the auto from skidding, producing shorter stopping distances and allowing the driver to maintain control of the vehicle. These systems are particularly effective during panic braking situations and on slippery roads.

If you have a car equipped with anti-lock brakes please refer to your declarations page to see if the discount has been applied to your policy. If not, to receive the discount call USAA Policy Service at (800) 531-8111 to adjust your policy. If you're not sure if your car is so equipped, consult your dealer's invoice, your purchase order or the USAA Car Guide, or contact the dealer or manufacturer.

0901119c9b1dca7c

USAA Confidential

## FLORIDA PERSONAL AUTO POLICY
## OUTLINE OF COVERAGE

The following outline of coverage is for informational purposes only. Florida law prohibits this outline from changing any of the provisions of the insurance contract which is the subject of this outline. Any endorsement regarding changes in types of coverage, exclusions, limitations, reductions, deductibles, coinsurance, renewal provisions, cancellation provisions, surcharges, or credits will be sent separately.

> THE INFORMATION IN THIS FORM BRIEFLY OUTLINES THE MAJOR COVERAGES, EXCLUSIONS, RENEWAL AND CANCELLATION PROVISIONS, DISCOUNTS/CREDITS, AND SURCHARGE INFORMATION. **YOU SHOULD READ YOUR POLICY FOR COMPLETE DETAILS ON THE COVERAGES.** THE COVERAGES AND LIMITS YOU HAVE PURCHASED, AND PREMIUMS CHARGED, ARE LISTED ON THE DECLARATIONS PAGE. IN THE EVENT OF ANY CONFLICT BETWEEN THE POLICY AND THIS OUTLINE, THE PROVISIONS OF THE POLICY SHALL PREVAIL. **ALL COVERAGE LIMITS ARE SUBJECT TO COMPANY APPROVAL.**

## POLICY COVERAGES

**Liability Coverages:** Bodily Injury Liability (BI) and Property Damage Liability (PD) protect against your legal liability caused by the operation of your vehicle. The principal exclusions (items not covered by your policy) for BI and PD are: (1) autos owned by you or furnished or available for the regular use of you or your family members, which have no primary liability insurance and have not been specifically covered under the policy, (2) vehicles with less than 4 wheels, and (3) no liability coverage for you or any family member for bodily injury to you or any family member.

**Bodily Injury Liability (BI)** protects you against legal liability for accidental injury to, or death of others caused by the operation of your vehicle. If you carry BI, you must also carry PD. BI limits must be the same for each vehicle insured for these coverages.

Bodily Injury Liability Available Limits:
(per person/per accident)

| | |
|---|---|
| $ 10,000/$ 20,000 | $ 100,000/$ 200,000 |
| $ 15,000/$ 30,000 | $ 100,000/$ 300,000 |
| $ 20,000/$ 40,000 | $ 300,000/$ 500,000 |
| $ 25,000/$ 50,000 | $ 500,000/$ 500,000 |
| $ 50,000/$100,000 | $ 500,000/$1,000,000 |
| | $1,000,000/$1,000,000 |

**Property Damage Liability (PD)** protects you against legal liability for accidental damage to property of others caused by the operation of your vehicle. Florida law requires you to have PD coverage. PD is mandatory in addition to Personal Injury Protection Coverages (PIP) in order to register a vehicle. PD limits must be the same for each vehicle insured for PD.

Property Damage Liability Available Limits:
(per accident)

$10,000   $25,000   $50,000   $100,000   $300,000   $500,000

**Personal Injury Protection (PIP):** This covers you, your family members and certain others, for bodily injuries resulting from auto accidents, without regard to fault. PIP is also required under Florida Law. The principal exclusions for this coverage are injuries sustained in autos you or family members own which have not been specifically covered under the policy, and injuries to other vehicle owners required by law to have their own coverage. Deductibles and exclusion of work loss benefits are available.

69848-0715__03

FLDS(05) Rev. 02-15

Page 1 of 6

1. PIP

   - is required on four-wheeled motor vehicles
   - provides coverage for:
       - you or any resident family member who doesn't own a vehicle subject to Florida no fault coverage:
           - while occupying your covered auto within the United States and Canada
           - when occupying or struck by any other motor vehicle in Florida
       - any other person who doesn't own a vehicle subject to Florida no fault coverage when that person is occupying your covered auto within Florida
       - any Florida resident who doesn't own a vehicle subject to Florida no fault coverage, or doesn't reside with someone who owns a vehicle subject to Florida no fault coverage, when that person is struck by your covered auto while in Florida
   - does not apply to motorcycles, golfcarts, and snowmobiles
   - provides up to $10,000 per person to include:
       - 80% of reasonable fees for medically necessary services
           - $5,000 will be reserved, up to 30 days, for payments to licensed physicians and dentists for emergency services and hospital inpatient care.
       - 60% of work loss
       - expenses to obtain services the injured person would have performed
   - death benefit up to $5,000 per person or the remainder of unused PIP benefits, whichever is less.

2. PIP Deductibles

   - You may choose to apply a deductible to only yourself, or to you and your dependent relatives residing in your household.

3. Exclusion of Work Loss Benefits

   - You may exclude work loss benefits from PIP coverage, if for example, you are retired
   - You may choose to apply the exclusion of work loss benefit only to yourself, or to you and your dependent relatives.

The personal injury limits must be the same on each vehicle insured for these coverages.

**Medical Payments Coverage:** This coverage may be written as excess to PIP and supplements the medical expense reimbursement of PIP coverage and provides basic coverage in situations where PIP does not pay. The principal exclusions are similar to those for liability coverage. It may be used to help offset the 20% of medical expenses not covered by PIP.

**Uninsured Motorists Coverage:** This coverage pays for bodily injuries to you, family members and certain others, resulting from the negligence of others. It pays when the at-fault party has: no liability insurance, or liability coverage with limits not adequate to pay for the damages incurred, or if injuries result from a hit-and-run vehicle. If the at-fault party has liability limits less than your damages, his

0901119c9b1dca7c                          USAA Confidential

policy pays first then yours pays up to your limits or the amount of damages, whichever is less. We are required by law to issue your UM limits equal to your BI limits, unless you reject this coverage or request lower limits. Your coverage may be "Stacked" or "Non–stacked". The principal difference between these two forms is that the total amount of protection under the stacked form is the sum of the limits applicable to each vehicle insured, whereas under the non–stacked form the limit stated applies per accident regardless of how many vehicles you own or insure.

**Physical Damage Coverages:** If you have a loan on your vehicle, the lender usually requires you to carry Physical Damage (Comprehensive and Collision) coverages. If the vehicle is not financed, your decision to carry these coverages should depend on the vehicle's current value and whether you could afford the out-of-pocket loss. Consider a higher deductible as a way to lower your premium.

**Comprehensive** coverage pays you, minus the deductible, for direct and accidental loss of, or damage to your vehicle caused by fire, theft, earthquake, hail, flood, windstorm, vandalism and other perils not specifically excluded in the policy. Breakage of glass is also covered. The cost of repairing or replacing a damaged windshield on your covered auto is covered without a deductible.

Available Deductibles:

| | | |
|---|---|---|
| Full (No deductible) | $150 | $ 300 |
| $ 50 | $200 | $ 500 |
| $100 | $250 | $1,000 |

Collision pays you, minus the deductible, for direct and accidental loss of, or damage to your vehicle caused by collision or upset. We do not write this coverage without Comprehensive coverage. The principal exclusions are for damages due to wear and tear, freezing, mechanical or electrical breakdown; failure or road damage to tires; loss to equipment designed or used for the detection or location of radar.

Available Deductibles:

| | |
|---|---|
| $ 50 | $ 250 |
| $100 | $ 300 |
| $150 | $ 500 |
| $200 | $1,000 |

## Other Coverages

Your policy may contain other endorsements which add or broaden coverage, as indicated by their titles.

**Car Replacement Assistance:** This is available for a separate premium charge when both Comprehensive Coverage and Collision Coverage are carried on a private passenger automobile. It pays an additional 20% of the actual cash value of the vehicle in the event of a total loss.

**Extended Non-Owned Auto Coverage:** This provides separate coverage for Liability and MP when you or residents of your household regularly use a non–owned vehicle that has no primary liability coverage in force. Coverage is not provided for this type of vehicle unless you request it and pay an additional premium charge. If you want more information, let us know and we will help you determine whether or not you have proper coverage.

**Pickup Campers:** Portable campers may be insured for Physical Damage coverages if: (1) they are designed for mounting on pickup trucks, (2) both units (pickup and camper) are insured by us, and (3) Physical Damage coverage is carried on the pickup. You must contact us to request this coverage.

L035) 3N 000077 0039 0033 0 000000 7

USAA Confidential

0901119c9b1dca7c

**Rental Car Coverage:** Any coverage shown on the declaration automatically extends to a rental car. If Comprehensive and Collision coverages are shown, we will extend the lowest deductible you carry for each coverage.

**Rental Reimbursement:** This coverage may be added for an additional premium charge. It is available only on private passenger automobiles when Comprehensive coverage is carried. Rental Reimbursement pays the reasonable amount necessary to rent a vehicle in the class you select if you're without your automobile for more than 24 hours while it's being repaired after a loss caused by collision or covered under Comprehensive. The available classes are: Economy Class; Standard Class; Multipassenger/Truck Class; and Large SUV Class.

**USAA Roadside Assistance:** When added to any particular vehicle for an additional premium charge this coverage pays reasonable costs incurred for up to one hour of mechanical labor at the place of breakdown. It also covers towing to the nearest repair shop if the vehicle does not run, or if stuck on or immediately next to a public road. The coverage pays for the delivery of gas or a change of tire. However, it does not pay for the cost of these items.

**Renewal and Cancellation Provisions:** You may cancel your policy at any time after it has been in effect for 60 days. During the first 60 days of your policy, you may cancel only if you dispose of the vehicle, if you purchase another policy covering the insured vehicle, or it is a total loss. Under conditions where the law permits us to cancel or refuse renewal of your policy, **we must** give you advance notice as follows: (1) 10 days for cancellation because of nonpayment of premium; (2) 45 days for cancellation for any other reason; (3) 45 days if we refuse to renew.

## DISCOUNTS

We use the operator and vehicle data on file to apply most discounts. The available premium discounts are listed below. Your premium discount amounts are listed on the Supplemental Information page attached to your policy.

**Accident Prevention Course Discount.** When the principal driver, age 55 or older, voluntarily enrolls and successfully completes, an Accident Prevention Course approved by the Florida Department of Highway Safety and Motor Vehicles. We need a copy of the completion certificate to apply the discount, which applies for a three year period providing the operator maintains a clean driving record.

**Anti-Lock Braking System.** When your vehicle has a factory installed anti-lock brake system.

**Anti-Theft Discount.** When your vehicle is equipped with an eligible alarm, or active or passive anti-theft disabling device, * or a steering wheel bar lock, or a vehicle recovery system (emits an electronic signal when activated). Or, the vehicle identification number is etched on all windows of your car (except small vent windows), or if you live and garage your auto on a military installation.

*Active Devices are those engaged by a separate, manual step to disable the fuel, ignition, or starting system, making them inoperable.

*Passive Devices disable the vehicle by making the fuel, ignition, or starting system inoperable when the ignition key is removed.

If your auto qualifies for more than one anti-theft systems, ONLY the single highest discount will be allowed.

0901119c9b1dca7c

USAA Confidential

**Away At School.** To an occasional driver, unmarried and under age 29, who reside more than 100 miles from home without a vehicle.

**Daytime Running Lights.** When your vehicle is equipped with a Daytime running Light System.

**Drivers Training Discount.** To drivers under age 21, who have successfully completed a course meeting a minimum of 30 hours of classroom instruction, plus a minimum of six hours of actual driving experience.

**Good Student Discount.** To drivers under age 25 who are full-time students maintaining at least a 3.0 or a "B" average.

**Low Annual Mileage.** When a vehicle has low annual mileage. This does not apply to youthful operators.

**Multi-Car Discount.** When we insure two or more private passenger type vehicles on the same policy.

**My USAA Legacy Discount.** When the named insured operator, age 24 or younger, has established eligibility through a USAA group sponsor's policy and has had no major violations within the last three years.

**New Vehicle Discount.** When your vehicle is no more than 3 years old. For the purpose of this discount, a vehicle ages as of October 1st of the current year.

**Occasional Operator Discount.** To a rated driver who is neither the owner nor principal driver of any one vehicle.

**Passive Restraint Device Discount.** When a vehicle is equipped with factory installed passive seat belts and/or air bags. If your vehicle is equipped with more than one passive restraint system, ONLY the single highest discount applies.

**Premier Driver Level.** When the policyholder has at least 5 years of driving experience and all operators on the policy have a combined driving record of no more than 2 minor convictions in three years or 1 at fault accident in five years.

**Vehicle Injury Discount.** When a vehicle (1985 – 1997) has significantly better than average personal injury loss experience.

## MERIT RATING PLAN

This rating plan uses past at-fault accidents (one where an insurer paid a claim in excess of $750 under Bodily Injury, Property Damage and/or Collision coverage) and convictions of motor vehicle violations when determining your premium cost. It is designed to charge drivers with no countable incidents the lowest premium. Higher premiums are charged for drivers based upon the number and type of incidents they have accumulated during the three year chargeability period. The higher premium amount is displayed on the Declarations page. Also, at the bottom of your Declarations Page you'll see a box similar to the example below. The last three characters are used for accidents and convictions.

I.035L3N.000077.0039.0034.0.000000.Z.

USAA Confidential

0901119c9b1dca7c

The first digit indicates the number of accidents followed by the number of conviction points. An "A" in the first position indicates 10 or more accidents. In the example below, we have zero accidents and one conviction point.

| VEH 01 | RSM25 | 001 |
|--------|-------|-----|

**If you desire additional information, or wish to make any changes to your automobile insurance, call us toll-free at 1-800-531-USAA (8722), (Tampa 813-615-5111).**

FLDS(05) Rev. 02-15

Page 6 of 6

0901119c9b1dca7c

USAA Confidential

## FLORIDA NO-FAULT AND PROPERTY DAMAGE LIABILITY INFORMATION

**A REMINDER** - The information in this form is a brief, general discussion. Coverages are subject to all the provisions and exclusions contained in your insurance policy. PLEASE READ YOUR POLICY FOR DETAILS.

If you wish to select any of the PERSONAL INJURY PROTECTION (PIP) options or PROPERTY DAMAGE LIABILITY (PD) limits listed on this form please check the appropriate block and complete, sign, and return this form.

When purchasing any of these coverages, it is important to understand that you will be reimbursed only for reasonable and necessary medical expenses. Bills are audited, and amounts charged which are not reasonable, or charges incurred for treatment which is not necessary, will not be reimbursed. Any amounts not qualifying for reimbursement are your responsibility.

**PERSONAL INJURY PROTECTION (PIP)** provides benefits no matter who's at fault. In accordance with the Florida Motor Vehicle No-Fault Law, Florida requires you to carry $10,000 PIP in addition to Property Damage Liability (PD) in order to register a vehicle. PIP deductibles and exclusion of work loss benefits are available. PD information is provided in Section II.

1. PIP

   - is required on four-wheeled motor vehicles.
   - does not apply to motorcycles, golf carts, and snowmobiles.
   - provides up to $10,000 per person for an emergency medical condition or $2,500 per person for a non emergency medical condition.

     - 80% of reasonable fees for medically necessary services up to applicable limit.
     - 60% of work loss up to applicable limit.
     - expenses to obtain services the injured person would have performed.

   - separate Death Benefit Limit of $5,000 per person.

2. Exclusion of Work Loss Benefits

   - you may exclude work loss benefits from PIP coverage, if for example, you are retired.
   - you may choose to apply the exclusion of work loss benefit only to yourself, **or** to you and your dependent relatives.

For Personal Injury Protection insurance, the named insured may elect a deductible and to exclude coverage for loss of gross income and loss of earning capacity ("lost wages"). These elections apply to the named insured alone, or to the named insured and all dependent resident relatives. A premium reduction will result from these elections. The named insured is hereby advised not to elect the lost wage exclusion if the named insured or dependent resident relatives are employed, since lost wages will not be payable in the event of an accident.


0901119c9b1dca7c

USAA Confidential

THIS PAGE INTENTIONALLY LEFT BLANK

663FL(04) Rev. 01-13

PS.036737553.663FL.07101



I.035L3N.000077.0039.0036.0.000000.Z.

USAA Confidential

0901119c9b1dca7c

**SECTION I**                    **PERSONAL INJURY PROTECTION**

**DEDUCTIBLES**

☐ $250            ☐ $500            ☐ $1,000

☐ Apply deductible for the Named Insured only

☐ Apply deductible for the Named Insured and Dependent Resident Relatives

The premium reduction for deductible PIP ranges from approximately 10% to 50% depending upon the deductible option selected.

**EXCLUSION OF WORK LOSS**

| I DO NOT NEED WORK LOSS BENEFITS, THEREFORE: | Approximate Premium Reduction |
|---|---|
| ☐ Exclude work loss benefits for the named insured only | 15% |
| ☐ Exclude work loss benefits for the named insured and dependent resident relatives | 23% |

**SECTION II**                  **PROPERTY DAMAGE LIABILITY (PD)**

PD protects you against legal liability for accidental damage to property of others caused by the operation of your vehicle. In addition to PIP, PD is mandatory in limits of at least $10,000 in order to register a vehicle in Florida. PD limits must be the same for each vehicle insured for this coverage.

The premiums below reflect the total premium for this coverage for all the vehicles insured on your policy.

| Available PD limits per accident | Semi-Annual Premium per policy | Available PD limits per accident | Semi-Annual Premium per policy |
|---|---|---|---|
| ☐ $10,000 | $ 257.82 | ☐ $100,000 | $ 274.53 |
| ☐ $25,000 | $ 264.98 | ☐ $300,000 | $ 286.46 |
| ☐ $50,000 | $ 269.76 | ☐ $500,000 | $ 296.02 |

If this form is sent by facsimile machine (fax), the sender adopts the document received by USAA as a duplicate original and adopts the signature produced by the receiving fax machine as the sender's original signature.

Home Phone:  (      ) _____        Office Phone:   (      ) _____

_____        _____        _____

USAA Number                           Signature of Named Insured                    Date

**663FL(04)** Rev. 01–13

PS.036737553.663FL.07101



Page 3 of 4

USAA Confidential

0901119c9b1dca7c

THIS PAGE INTENTIONALLY LEFT BLANK



L035L3N.000077.0039.0037.0.000000.7

0901119c9b1dca7c

USAA Confidential

**Florida Uninsured Motorists Coverage**
**Rejection/Selection Form and Annual Option Notice**

**YOU ARE ELECTING NOT TO PURCHASE CERTAIN VALUABLE COVERAGE WHICH PROTECTS YOU AND YOUR FAMILY OR YOU ARE PURCHASING UNINSURED MOTORIST LIMITS LESS THAN YOUR BODILY INJURY LIABILITY LIMITS WHEN YOU SIGN THIS FORM. PLEASE READ CAREFULLY.**

Below, you will find a brief explanation of Uninsured Motorists (UM) Coverage. Please remember that this explanation is only an overview, and it does not replace or supplement any of the provisions of your policy. Please see your policy for details because the policy controls all issues of coverage.

The decisions you make regarding the amount of coverage will affect your insurance premium. If you have questions, please call Policy Service at 1-800-531-USAA (8722). **You may complete this form online on usaa.com.**

**WHAT IS UM COVERAGE?**
- Protects you, your family and any other legally entitled person due to injuries arising from a motor vehicle accident caused by an uninsured or hit-and-run motorist who is at-fault.
- Pays if you, your family and any other person occupying your covered auto is injured by an at-fault motorist whose Bodily Injury (BI) Liability limits are less than the amount of damages you are legally entitled to recover from the at-fault motorist. The at-fault motorist's policy pays its BI Liability limits first, then your UM Coverage pays the lesser of:
  - any remaining loss, or
  - your UM Coverage limits.

**HOW IS UM COVERAGE ISSUED?**
- A new policy must be issued with UM Coverage limits equal to your BI Liability limits unless you reject UM Coverage or select lower UM Coverage limits by completing, signing, and returning the Rejection/Selection Form by mail or on **usaa.com.**
- UM Coverage limits cannot exceed the BI Liability limits on the policy.

**RENEWAL/EXISTING POLICIES:**
- If you have previously purchased or rejected UM Coverage, your current policy declaration page reflects that choice.
- Your rejection of UM Coverage or selection of lower UM Coverage limits will remain in effect on this policy and on future renewals which are issued at the same bodily injury limits until you request otherwise in writing.
- If you change your BI Liability limits, your UM Coverage limits will equal your revised BI Liability limits unless you complete a new rejection/selection form.

**STACKED UM COVERAGE:**
- "Stacked" UM Coverage means the maximum limit of liability for any one accident is the UM Coverage limit on the Declarations Page multiplied by the number of vehicles insured for UM Coverage on your policy. For example, if you purchase UM limits of $100,000 per person and $300,000 per accident on two vehicles, you would have total UM Coverage of $200,000 per person and $600,000 per accident ($100,000/300,000 x 2).
- The amount of UM coverage available would automatically change during the policy term if you increase or decrease the number of vehicles insured for UM under the policy.

YOUR POLICY WILL BE ISSUED WITH THE STACKED FORM OF UM UNLESS YOU SELECT NON-STACKED UM ON THIS FORM. NON-STACKED UM IS EXPLAINED BELOW. YOUR PREMIUMS ARE HIGHER BASED UPON "STACKED" LIMITS.

**999FL(03)** Rev. 02-15

PS.036737553.999FL.07101



60874-0715
Page 1 of 4

0901119c9b1dca7c

USAA Confidential

**NON-STACKED UM COVERAGE:**

You have the option to purchase a non-stacked (limited) form of UM Coverage. Under this type of coverage, if injury occurs in a vehicle owned or leased by you or any family member who resides with you, you will only be entitled to the amount of UM Coverage purchased for that vehicle. If an injury occurs while occupying someone else's vehicle, or you are struck as a pedestrian, you are entitled to select the highest limit of UM Coverage available on any one vehicle for which you are a named insured, insured family member, or insured resident of the named insured's household. This policy will not apply if you select the coverage available under any other policy issued to you or to any other family member who resides with you.

**999FL(03)** Rev. 02-15

PS.036737553.999FL.07101



I.035L3N.000077.0039.0038.0.000000.Z.

Page 2 of 4

USAA Confidential

0901119c9b1dca7c

GIC   03673 75 53       7101

**If you do not wish to make any changes to your current policy, no action is required.** TO MAKE CHANGES TO YOUR POLICY, PLEASE COMPLETE THIS FORM, SIGN, AND RETURN IT TO US. The premiums below reflect the total premium for this coverage for all vehicles insured on this Policy.

| UNINSURED MOTORISTS (UM) COVERAGE | | | | |
|---|---|---|---|---|
| Semi-annual premium per policy | | | | |
| Stacked Premium | Limits Per person / per accident | | | Non-Stacked Premium |
| $    154.63 | $    10,000 | $    20,000 | | $    67.84 |
| $    199.86 | $    15,000 | $    30,000 | | $    89.72 |
| $    228.30 | $    20,000 | $    40,000 | | 108.68 |
| $    250.18 | $    25,000 | $    50,000 | | 127.64 |
| $    308.54 | $    50,000 | $   100,000 | | 196.94 |
| $    355.95 | $   100,000 | $   200,000 | | 256.01 |
| $    363.24 | $   100,000 | $   300,000 | | 264.77 |
| $    442.75 | $   300,000 | $   500,000 | | 331.88 |
| $    470.46 | $   500,000 | $   500,000 | | 371.99 |
| $    473.38 | $   500,000 | $1,000,000 | | 374.91 |
| $    485.77 | $ 1,000,000 | $1,000,000 | | 388.03 |

### Rejection/Selection

To make a change to your current policy, you must check one of the following boxes:

☐ I reject both STACKED and NON-STACKED UM Coverage entirely.

☐ I want the NON-STACKED form of UM Coverage at limits equal to my BI Liability limits.

☐ I want the STACKED form of UM Coverage at limits of $_____ per person,

$_____ per accident, which are lower than my BI Liability limits.

☐ I want the NON-STACKED form of UM Coverage at limits of $_____ per person,

$_____ per accident, which are lower than my BI Liability limits.

☐ I want the STACKED form of UM Coverage at limits equal to my BI Liability limits. Please disregard the bold statement on page 1 if this selection is made.

### DO NOT SIGN UNTIL YOU READ THIS FORM COMPLETELY

_____      _____

USAA Number                          Signature of Named Insured

_____      _____      _____

Home phone                           Alternative phone                   Date

Please complete this form and fax it to 1-800-531-8877 or mail it to USAA, 9800 Fredericksburg Road, San Antonio, Texas 78288; or **complete this form on usaa.com.**

If this form is sent by facsimile machine (fax), the sender adopts the document USAA receives as a duplicate original and adopts the signature the receiving fax machine produces as the sender's original signature.

**999FL(03)** Rev. 02-15                                              Page 3 of 4

PS.036737553.999FL.07101

USAA Confidential

GIC   ⁻03673 75 53      7101

THIS PAGE INTENTIONALLY LEFT BLANK

**999FL(03)** Rev. 02-15

PS.036737553.999FL.07101



L035L3N.000077.0039.0039.1.000000.7

Page 4 of 4

0901119c9b1dca7c

USAA Confidential